[No. 28604-8-I.  Division One.  August 17, 1992.]

KATY LEE BURCH, ET AL, *Appellants,* v. YONG CHA MONROE, ET AL, *Respondents.*

*Donald F. Kline* and *Albert & Slater, P.S.,* for appellants.

*Jean Kuharevicz* and *Comfort & Smith,* for respondents.

SCHOLFIELD, J. — Katy and Claude Burch appeal the lower court decision quashing their writ of execution against real property owned by Yong Cha Monroe and her husband John Doe Monroe (Monroe).

Monroe failed to repay a contractual debt to the Burches. The Burches filed a complaint for moneys due in 1982 and won a default judgment against Monroe on January 28,

1983. On May 13, 1983, the Burches filed an abstract of judgment with the Pierce County Superior Court Clerk, but did not record the judgment with the Pierce County Auditor, as recording was not required to secure a judgment lien.

On January 22, 1986, Monroe filed a homestead declaration on property in Pierce County (in Tacoma), and 8 days later filed for bankruptcy under chapter 7 of the bankruptcy code. On April 28, 1986, the Bankruptcy Court discharged all dischargeable debts.

In 1987, Washington amended its homestead law, requiring for the first time that for a judgment to attach as a lien to the excess over the homestead exemption, the judgment must be recorded with the county recording officer.

In April 1991, the Burches obtained a writ of execution directing the sale of Monroe's Pierce County real property. On May 2, 1991, Monroe filed a motion to quash the writ of execution, which was granted on May 14, based on the Burches' failure to perfect their lien against the Tacoma property by recording the judgment with the County Auditor. The Burches appeal the lower court's quashing of their writ of execution.

The Burches contend Monroe had no homestead when they obtained their judgment, and the homestead law in effect at the time vested the Burches' lien on Monroe's real property. Monroe counters that the debt was discharged in bankruptcy court, and the Burches failed to comply with the recording requirement of the homestead act.

Judgment liens arise under RCW 4.56.190, which states that

> [t]he real estate of any judgment debtor . . . not exempt by law, shall be held and bound to satisfy any judgment of the . . . superior court . . . of this state, and every such judgment shall be a lien thereupon . . . .

Such a judgment lien commences upon the filing of a "duly certified abstract of such judgment with the county clerk of the county in which the real estate of the judgment debtor to be affected is situated". RCW 4.56.200(2).

Article 19, section 1 of the Washington State Constitution provides that the Legislature must protect "a certain portion of the homestead and other property of all heads of families." The homestead act, RCW 6.13.010 *et seq.*, gives effect to this constitutional requirement, exempting homestead property from execution or forced sale except as provided by the statute. In general, homestead statutes are enacted as a matter of public policy "in the interest of humanity and thus are favored in the law and are accorded a liberal construction." *Macumber v. Shafer*, 96 Wn.2d 568, 570, 637 P.2d 645 (1981). Their intent is to ensure shelter for families, not to protect the rights of creditors. *Macumber*, at 570.

■ When the Burches obtained their judgment against Monroe in 1983 they filed an abstract of the King County judgment with Pierce County Superior Court, thus acquiring a fully valid judgment lien against Monroe's real property in Tacoma pursuant to RCW 4.56.200(2). In 1986 Monroe filed a homestead declaration under former RCW 6.12.045, announcing her intention to make her premises in Tacoma her homestead.[1] Declarations of homestead such as Monroe's do not act retroactively, that is, the property is considered a homestead "[f]rom and after" the filing of the declaration of homestead. Former RCW 6.12.080.

In 1987, after Monroe filed her declaration of homestead and after filing for bankruptcy protection, the Legislature amended the homestead laws by enacting RCW 6.13. Besides raising the exemption to $30,000 (RCW 6.13.030), the new statute required recording with the county:

> A judgment against the owner of a homestead shall become a lien on the value of the homestead property in excess of the homestead exemption from the time the judgment creditor

---

[1] The record does not indicate when, if ever, either of the Monroes lived in their Tacoma property. Yong Cha Monroe appears to have been living in Texas at the time the judgment lien was filed, and to have been living in Kentucky when she filed the homestead declaration.

records the judgment with the recording officer of the county where the property is located.

RCW 6.13.090.[2]

■ The question before us is whether the subsequent amendment to the homestead act, requiring filing a judgment with the recording officer of the county where the property is located, should be applied retroactively to nullify the Burches' lien. As a general matter, statutes are presumed to apply prospectively:

> Statutory enactments are presumed to be prospective unless there is a legislative intent to apply the statute retroactively or the statute is remedial and retroactive application furthers the remedial purpose. *Ferndale v. Friberg*, 107 Wn.2d 602, 732 P.2d 143 (1987). Remedial statutes are those involving practice, procedure, or remedies and not affecting contractual or vested rights.

*Howell v. Spokane & Inland Empire Blood Bank*, 114 Wn.2d 42, 47, 785 P.2d 815 (1990). For example, the *Macumber* court held that retroactive application of a higher homestead exemption ($20,000 rather than $10,000 under the former law) was remedial and not unconstitutional because the amendment modified the remedy, rather than denying or seriously impairing a right.

■ Unlike the increase in the homestead exemption, the requirement to file a judgment with the county recording officer does not merely involve practice, procedure, or remedies. Rather, the Burches' compliance with the statutory requirement in effect in 1983 vested their property right in

---

[2]Former RCW 6.12.105, which stated that the judgment creditor had a lien on the value of the property in excess of the homestead exemption when a homestead declaration occurs before a judgment, was enacted in 1984 following *Mahalko v. Arctic Trading Co.*, 99 Wn.2d 30, 659 P.2d 502, 41 A.L.R.4th 280 (1983), *overruled on other grounds in Felton v. Citizens Fed. Sav. & Loan Ass'n*, 101 Wn.2d 416, 424, 679 P.2d 928 (1984). The *Mahalko* court held that a judgment does not create a lien on excess value over the homestead exemption where the homestead preceded the judgment. *Mahalko* is distinguishable from the present case because there the declaration of homestead preceded the judgment, whereas here Monroe's declaration of homestead followed attachment of the judgment.

the Tacoma property, subject, of course, to the homestead exemption. We therefore find that the trial court erred because retroactive application of the statute nullified the Burches' fully vested property right.

*In re Wenner*, 61 Bankr. 634 (W.D. Wash. 1985) comports with our holding. *Wenner* involved real property that was subject to a judgment lien on August 29, 1980, and declared to be a homestead on December 1, 1980. After 1981, amendments to the homestead act created homesteads automatically at the time the property is occupied as a permanent residence, eliminating the requirement that a homestead be declared. Wenner filed his petition for relief under chapter 7 of the bankruptcy code on June 30, 1982, raising the question of the validity of the judgment lien that was filed before the property was declared to be a homestead. The bankruptcy trustee argued, and the Bankruptcy Court agreed, that the amendment should apply retroactively. The United States District Court reversed, holding that the 1981 amendment may not be applied retroactively to nullify the lienholder's status as a secured creditor. *Wenner*, at 636. The court concluded that the judgment creditor had an interest in the excess value of the homestead property superior to that of the trustee in bankruptcy.

As in *Wenner*, here the Burches possessed a valid lien prior to Monroe's declaration of homestead in January 1986. Under RCW 4.56.190, the Burches had a valid lien upon filing their abstract of judgment in Pierce County which established their status as secured creditors. Monroe's subsequent homestead declaration prohibited the Burches from executing against the homestead exemption, but not against the excess above the homestead exemption, as in *Wenner*.

Accordingly, we hold the Burches' statutory lien in excess of Monroe's homestead exemption remains in effect, and the trial court erred in quashing the Burches' writ of execution. Monroe's request for attorney's fees under RCW 4.84.185 alleging a frivolous claim is meritless.

Reversed.

GROSSE, C.J., and BAKER, J., concur.