[No. 14808-4-III.   Division Three.   January 30, 1997.]

*In the Matter of the Marriage of* JANET L. FOLEY, *Respondent, and* DAVID M. FOLEY, *Appellant.*

*David M. Foley*, pro se.

*Dorothy L. Wiley, Michael J. Pettit,* and *Wiley, Pettit & Snyder,* for respondent.

THOMPSON, J. — Mr. Foley appeals the court's child support order, the division of property and the failure to award him maintenance. He also appeals the court's order requiring him to pay $3,250 of Mrs. Foley's attorney fees. We affirm.

Janet and David Foley were married on May 23, 1981. Three children, Sarah, Katharine, and Joshua, were born during the marriage. Mr. and Mrs. Foley separated on

August 11, 1993. On February 27, 1995, the court entered a decree of dissolution, findings of fact and conclusions of law, a parenting plan, and an order of child support.

Mrs. Foley is a school counselor in Colfax, Washington. Her net monthly income is $2,648.63. Mr. Foley worked as a self-employed contractor up until May 1992. Mr. Foley declared his net monthly income as $850. He also receives $300 per month from his mother, and $200 per month from his brother, who live with him, as rental payments. The court imputed Mr. Foley's income at $1,600 for purposes of computing child support. The court based this on his actual income plus the fact he was returning to work.

The court divided the community property equally between the parties. Each spouse received a distribution of $19,543. Mrs. Foley was ordered to assume a majority of the community debts. The court awarded the family home to Mr. Foley subject to its encumbrance. Mr. Foley was ordered to pay $18,344 to Mrs. Foley to equalize the property distribution. The court ordered Mr. Foley to refinance the home within four months, or sell it to make the equalization payment to Mrs. Foley, and awarded Mrs. Foley a secured lien on the property.

The court denied Mr. Foley's request for maintenance, finding both parties capable of self-support.

Finally, the court ordered Mr. Foley to pay $3,250 of Mrs. Foley's attorney fees. Mr. Foley had been ordered to pay $250 in April of 1994, but had yet to comply with that order. The remaining $3,000 attorney fees were based on the court's finding that Mr. Foley engaged in tactics which complicated and lengthened the litigation. Mrs. Foley's total attorney fees and costs prior to trial exceeded $7,000.

Mr. Foley contends the court erred by imputing $1,600 in income to him for purposes of calculating child support. Child support orders are within the discretion of the trial court. *In re Marriage of Healy*, 35 Wn. App. 402, 404, 667 P.2d 114, *review denied*, 100 Wn.2d 1023 (1983). Discretion is abused only when it is exercised upon an untenable ground or is manifestly unreasonable. *Id.*

■ A parent should not be allowed to avoid a child support obligation by voluntarily remaining in a low paying job, or by not working at all. *In re Marriage of Curran*, 26 Wn. App. 108, 110-11, 611 P.2d 1350 (1980). A court may impute income to a voluntarily underemployed parent. *In re Marriage of Brockopp*, 78 Wn. App. 441, 446, 898 P.2d 849 (1995). RCW 26.19.071(6) provides:

> The court shall impute income to a parent when the parent is voluntarily unemployed or voluntarily underemployed. The court shall determine whether the parent is voluntarily unemployed or voluntarily underemployed based upon that parent's work history, education, health, and age, or any other relevant factors. . . . Income shall not be imputed for an unemployable parent. . . . In the absence of information to the contrary, a parent's imputed income shall be based on the median income of year-round full-time workers as derived from the United States bureau of census, current populations reports . . . .

The evidence established that Mr. Foley was helping a friend repair a home and construct a home without any compensation. Mr. Foley also spent a great deal of time during the day involved in the sport of falconry. Mr. Foley reported income of $850 a month, and also stated he received around $300 a month from his mother in rent, and $200 a month from his brother. Thus, Mr. Foley received approximately $1,350 a month in income. The court imputed his income at $1,600. This amount is only $250 more than he actually received. The court could have imputed $2,118 under the census figures. The court considered all the relevant factors in imputing Mr. Foley's income and did not abuse its discretion.

■ Mr. Foley also contends the court erred in its division of the community property. In a dissolution proceeding, the court shall dispose of all the property and liabilities, both community and separate, in a just and equitable manner. RCW 26.09.080. The trial court has wide discretion in the division and distribution of the property of the parties. *Toivonen v. Toivonen*, 44 Wn.2d 473,

474, 268 P.2d 456 (1954). In order to achieve an equitable property distribution between the parties, the trial court has the jurisdiction to order the sale of the family home. *In re Marriage of Sedlock*, 69 Wn. App. 484, 503, 849 P.2d 1243, *review denied*, 122 Wn.2d 1014 (1993).

The court divided the Foleys' property such that each party received a property distribution valued at $19,543. Mrs. Foley was ordered to pay a majority of the community debts and awarded very little community property. Mr. Foley was ordered to pay less of the community debts and was awarded the family home, the most valuable community asset. In order to equalize the disparity between awards, Mr. Foley was ordered to pay Mrs. Foley $18,344. Spouses are entitled to receive their share of the community property within a reasonable time. *Id.* at 505. The court's order that Mr. Foley equalize the distribution by refinancing or selling the home was well within the court's discretion.

Mr. Foley argues the forced sale violates his homestead rights. With limited exceptions, the homestead is exempt from forced sales in order to satisfy the debts of the owner. RCW 6.13.070. The homestead exemption was intended to secure and protect the homesteader and his family in the enjoyment of their domicile. *In re Poli's Estate*, 27 Wn.2d 670, 674, 179 P.2d 704 (1947). Homestead statutes are matters of public policy with the intent to insure shelter for families. *Burch v. Monroe*, 67 Wn. App. 61, 64, 834 P.2d 33 (1992).

■■ The homestead exemption is not available against the forced sale in satisfaction of judgments obtained on debts secured by vendor's liens. RCW 6.13.080. In 1894, our Supreme Court, in ruling on the division of the family home, stated in dicta that:

> There is no question but that the court had power in the divorce action to award the half belonging to the defendant, or any part of it, to the plaintiff, or to render a judgment for a sum of money and make it a specific lien thereon which would take precedence of a homestead exemption.

*Philbrick v. Andrews*, 8 Wash. 7, 8, 35 P. 358 (1894). When a court awards the family home to one party in a dissolution and awards the other party a compensating sum, the equalization is done under the doctrine of owelty. *In re Marriage of Wintermute*, 70 Wn. App. 741, 744, 855 P.2d 1186 (1993), *review denied*, 123 Wn.2d 1009 (1994). A judgment in owelty is an equitable lien on the property specified in the nature of a vendor's lien. It prevails over a homestead exemption. *Adams v. Rowe*, 39 Wn.2d 446, 449, 236 P.2d 355 (1951); *see also Hartley v. Liberty Park Assocs.*, 54 Wn. App. 434, 438, 774 P.2d 40, *review denied*, 113 Wn.2d 1013 (1989).

Nothing in the homestead statute indicates the act is intended to deny one spouse the right to share community property on dissolution. Mr. Foley has no right to disregard the court order to sell the home based upon the homestead statute. His reliance on the homestead exemption is without merit.

Mr. Foley next contends the court erred by denying him spousal maintenance. Spousal maintenance is within the discretion of the trial court. *In re Marriage of Bulicek*, 59 Wn. App. 630, 633, 800 P.2d 394 (1990). The trial court abuses that discretion if it bases a denial of maintenance on untenable grounds or for untenable reasons. *In re Marriage of Wright*, 78 Wn. App. 230, 237, 896 P.2d 735 (1995).

Spousal maintenance is not a matter of right. *In re Marriage of Sheffer*, 60 Wn. App. 51, 54, 802 P.2d 817 (1990). In determining whether to award maintenance the court considers: (1) the financial resources of the party seeking maintenance; (2) the time necessary for the party seeking maintenance to acquire education and training to find employment; (3) the standard of living during the marriage; (4) the duration of the marriage; (5) the age, physical and emotional condition, and the financial obligations of the party seeking maintenance; and (6) the ability of the party against whom maintenance is being sought to pay support. RCW 26.09.090. In determining spousal maintenance, the court is governed strongly by the need of one

party and the ability of the other party to pay an award. *Endres v. Endres*, 62 Wn.2d 55, 56, 380 P.2d 873 (1963); *Cleaver v. Cleaver*, 10 Wn. App. 14, 20, 516 P.2d 508 (1973).

The trial court denied Mr. Foley's request for maintenance, finding each party capable of self-support. Although Mr. Foley claimed he was unable to work due to a back injury, he was helping a friend repair her home and build another. Mr. Foley did not demonstrate need. Mrs. Foley lacks the ability to pay a maintenance award given her living expenses and debt obligations. The court did not abuse its discretion in denying the request.

■■ Mr. Foley finally contends the court erred by ordering him to pay $3,250 of Mrs. Foley's attorney fees. The trial court has the discretion to award attorney fees in a dissolution action. RCW 26.09.140; *Cleaver*, 10 Wn. App. at 22. It is an abuse of discretion for a court to award attorney fees to a party who has the ability to pay. *Id.* However, when one spouse's intransigence causes the spouse seeking attorney fees to require additional legal services, then the financial resources of the party seeking the fees is irrelevant. *In re Marriage of Morrow*, 53 Wn. App. 579, 590, 770 P.2d 197 (1989); *see also In re Marriage of Harshman*, 18 Wn. App. 116, 128, 567 P.2d 667 (1977).

The court awarded Mrs. Foley attorney fees based upon Mr. Foley's intransigence. Mr. Foley filed numerous frivolous motions, refused to show up for his own deposition, and refused to read correspondence from Mrs. Foley's attorney. His actions caused numerous delays in the trial and required Mrs. Foley to incur additional attorney fees. The court did not abuse its discretion in awarding attorney fees.

■■ Mr. Foley also contends the amount of fees awarded is not supported by the record. A trial court must indicate on the record the method it used to calculate the award. *In re Marriage of Knight*, 75 Wn. App. 721, 729, 880 P.2d 71 (1994), *review denied*, 126 Wn.2d 1011 (1995). In determining fees a court should consider: (1) the factual and legal questions at issue; (2) the amount of time spent

preparing the case; and (3) the value of the property involved. *Id.* at 730.

The trial court indicated it awarded Mrs. Foley $3,250 in attorney fees due to Mr. Foley's intransigence. Mrs. Foley submitted a detailed record of her fees, which exceeded $7,000 prior to trial. In its findings the court stated it was awarding fees after considering the entire record, the amount of fees Mrs. Foley incurred, and the delaying tactics employed by Mr. Foley. Thus, the record establishes the court considered the requisite factors set out by *Knight.* The court did not abuse its discretion.

Both parties request attorney fees on appeal. RAP 18.1(a) allows fees on appeal, but the party making the request must devote a portion of the brief to the request. *See* RAP 18.1(a), (b); *Thweatt v. Hommel,* 67 Wn. App. 135, 148, 834 P.2d 1058, *review denied,* 120 Wn.2d 1016 (1992). Mr. Foley did not argue why he is entitled to fees in his brief. His request is denied.

Mrs. Foley requests her attorney fees on appeal pursuant to RAP 18.9(a) which allows an appellate court to order attorney fees on appeal when the appeal is frivolous. An appeal is frivolous if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. *Mahoney v. Shinpoch,* 107 Wn.2d 679, 691, 732 P.2d 510 (1987). Mr. Foley raised reasonable arguments. Thus, the appeal was not frivolous and Mrs. Foley's motion for fees is also denied.

We affirm.

SCHULTHEIS, A.C.J., and MUNSON, J. Pro Tem., concur.