# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In re Parenting and Support of:      )

BRITTON LAWRENCE HARPER GIBSON    )

                Child(ren)      )

MARIE-CLAIRE HARPER PAGH,      )

                Respondent,      )

and      )

WILLARD GIBSON,      )

                Appellant.      )

NO. 70995-0-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: September 15, 2014

LAU, J. — Following our remand in a prior appeal, the trial court entered findings of fact to support its award of attorney fees to Marie-Claire Pagh based on Willard Gibson's intransigence. Because the evidence and court's findings do not sufficiently identify the specific acts of alleged intransigence or establish that Gibson's alleged misconduct permeated the entire proceeding and rendered the proceeding unduly difficult or costly, we reverse and vacate the attorney fee award.

## FACTS

This case is again before us on appeal following our remand in In re Parenting and Support of Gibson, noted at 172 Wn. App. 1012, 2012 WL 5992104, review denied,

177 Wn.2d 1018 (2013) (Gibson I). In Gibson I, we affirmed the trial court's entry of a domestic violence protection order (DVPO) in favor of Pagh and a parenting plan final order. The trial court also awarded Pagh $45,876.48 in attorney fees and costs, the entire requested amount, based on Gibson's intransigence throughout the proceedings. Because the trial court made no findings to support the amount of the award or its conclusion that Gibson's intransigence permeated the entire proceedings, we vacated the award and remanded for the entry of appropriate findings of fact.

Upon remand to King County Superior Court, the Chief Unified Family Court Judge assigned the case to the original trial judge, who had since retired, as judge pro tempore. Each party then submitted a memorandum addressing the issue on remand.

On October 1, 2013, the trial court entered amended findings of fact and conclusions of law, awarding Pagh $45,876.48 in attorney fees and costs based on Gibson's intransigence. In support of the award, the court entered the following findings:

> 2.10 Other
> Respondent failed to attend the court-required parenting seminar, failed to give the court or petitioner a Financial Declaration or other required financial disclosures, failed to respond to discovery requests before the Discovery Cut-off, and failed to meet Case Schedule Deadlines. Respondent failed to clear up various warrants for his arrest, contacted petitioner in violation of a DVPO, failed to personally attend any of the multiple hearings scheduled in this case, substituted counsel several times, and failed to appear at trial. Respondent failed to timely disclose trial witnesses, causing petitioner's attorney to file motions in limine. Despite respondent's failure to meaningfully participate in this case, respondent requested several continuances. Respondent's wrongful conduct and intransigence permeated the entire proceedings, made this case unduly difficult for petitioner, and caused petitioner to unnecessarily incur attorney fees and costs. Given these circumstances, Petitioner reasonably incurred $45,074.00 in attorney fees and $802.48 in costs in this action for 199 hours of legal work required to take this matter through trial.

The court finds that the Respondent persistently attempted to manipulate, harass and intimidate the Petitioner by delay, failure to personally appear or engage in the parenting plan process, multiple substitutions of counsel, and cooperate with court scheduling orders or discovery as part of his continuing pattern of domestic abuse. The impact of this manipulation was manifest in the Petitioner's demeanor -- anxiety and fear at multiple hearings.

Because of the Respondent's repeated deliberate intransigence the court's statutory obligation to arrive at a best interest of the child outcome independent of the position of the parties was frustrated and delayed.

The necessity of the Petitioner's attorney to monitor and report to the court on the status of the delays purportedly caused by the Respondent's criminal matters contribute to Petitioner's attorney fees and permeated the entire case.

Gibson appeals.

## ANALYSIS

As we noted in Gibson I, the trial court has discretion to award attorney fees when one party's intransigence causes the other party to incur unnecessary legal expenses. In re Marriage of Bobbitt, 135 Wn. App. 8, 30, 144 P.3d 306 (2006). The determination of intransigence necessarily rests on the specific facts of each case, but may involve "foot-dragging," obstruction, the filing of unnecessary or frivolous motions, a refusal to cooperate with the opposing party, refusal to comply with discovery requests, and any other conduct that makes the proceeding unduly difficult or costly. In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992) (quoting Eide v. Eide, 1 Wn. App. 440, 445, 462 P.2d 562 (1969)); see also In re Marriage of Foley, 84 Wn. App. 839, 846, 930 P.2d 929 (1997); In re Marriage of Crosetto, 82 Wn. App. 545, 564, 918 P.2d 954 (1996).

Generally, the trial court must segregate fees caused by intransigence from those incurred for other reasons. Crosetto, 82 Wn. App. at 565. But when a party's misconduct "permeate[s] the entire proceedings, the court need not segregate which

fees were incurred as a result of intransigence and which were not." In re Marriage of Burrill, 113 Wn. App. 863, 873, 56 P.3d 993 (2002). We review the award of attorney fees for an abuse of discretion.

On remand, the trial court entered numerous, cursory findings. We conclude that the evidence and findings fail to support an attorney fee award based on intransigence.

Failure to Attend Court-Required Parenting Seminar

There is no dispute that Gibson failed to attend the parenting seminar required as part of a Family Court Services (FCS) evaluation. See King County Local Family Law Rule (KCLFLR) 13 (Parenting Plan and Child Custody Procedures). But FCS closed its case not only because Gibson failed to attend the seminar but also because both parties "failed to return the required paperwork." Nothing in the record indicates that the trial court ever addressed this issue or considered any of the available sanctions for the failure to comply. See KCLFLR 13(c)(4). Nor has Pagh identified any evidence explaining the circumstances surrounding the parties' failure to complete the evaluation or establishing that Gibson's omission resulted in undue delay or unnecessary legal expenses. Gibson's failure to complete the parenting seminar does not support the determination of intransigence.

Failure to File Financial Declarations

The trial court found that Gibson failed to submit "a Financial Declaration or other required financial disclosures." The court's findings do not identify the "required financial disclosures" that Gibson failed to provide. Under KCLFLR 10, a party is required to file a financial declaration for any motion or trial "that concerns," among other things, child support or attorney fees. Pagh contends that Gibson's failure to file a financial declaration violated KCLFLR 10 because her petition for a residential schedule

and parenting plan also included a request for child support and because she requested an award of attorney fees at trial.

But child support was not an issue before the trial court as part of Pagh's parenting plan action or her petition for a DVPO. The court's judgment establishing the residential schedule and parenting plan recited that "child support is being pursued administratively through the Department of Social and Health Services."

Pagh also relies on the fact that she requested an award of attorney fees during the course of trial on February 1, 2011. That request, however, was based solely on Gibson's intransigence. When the court awards attorney fees based on intransigence, "the financial resources of the parties are irrelevant." Burrill, 113 Wn. App. at 873. Moreover, the trial court here awarded Pagh the entire amount of fees and costs that she requested without consideration of Gibson's ability to pay. Pagh has made no showing that Gibson's ability to pay was an issue before the trial court or that his failure to provide a financial declaration impeded the resolution of any of her claims.

Multiple Requests for Continuances

The trial court found that Gibson requested "several continuances." The original case schedule, filed January 26, 2010, set trial for December 27, 2010. In June 2010, counsel for Gibson requested a 30-day continuance for a hearing on an extension of Pagh's protection order. The trial court granted the motion and reserved Pagh's request for lost wages and attorney fees. But nothing in the record indicates that Pagh pursued that request.

On November 30, 2010, the trial court granted Gibson's motion for a 30-day continuance of the trial date. The record does not indicate that Pagh opposed a continuance, and the trial court rescheduled trial for January 31, 2011. When trial

began on February 1, 2011, Gibson's counsel asked for another continuance, which the trial court denied.

Consequently, the trial court granted only two brief continuances, resulting in a total trial delay of about 30 days. The trial court did not condition the continuances on a payment of terms or suggest that the requests for a continuance were improper or that they unduly delayed the proceedings.

Failure to Attend Hearings and Trial

With one exception, Gibson did not personally attend pretrial hearings or the trial. But Gibson was represented by counsel during each of the hearings and at trial. Although the trial court noted that Gibson's failure to appear could hamper his ability to sustain his evidentiary burden of proof, the court did not direct Gibson to appear personally or sanction him for failing to appear. Nor do the court's findings establish that Gibson's voluntary absence improperly impeded Pagh's ability to advance her case.

Failure to Clear Up Warrants

The trial court found that Gibson had "failed to clear up various warrants for his arrest." Gibson acknowledged that he did not appear at pretrial hearings and at trial primarily because of an ongoing criminal prosecution and outstanding arrest warrants. The trial court entered no findings regarding the reasons for Gibson's failure "to clear up" his warrants. Moreover, as indicated, the record does not support the determination that Gibson's failure to appear personally constituted intransigence. Under the circumstances, the existence of the outstanding warrants was irrelevant to Pagh's action.

## Substitution of Counsel

The trial court found that Gibson "substituted counsel several times." On appeal, Pagh asserts that Gibson's substitution of several attorneys "resulted in various continuances" that caused delays and that she "incurred fees in opposing at least one of the continuances." Br. of Resp't at 21. But the record and the trial court's findings fail to demonstrate that the two relatively brief continuances that were granted—one pretrial hearing continuance and one trial continuance—involved misconduct or unduly delayed the proceeding.

## Failure to Meet Discovery or Case Schedule Deadlines

The trial court found that Gibson "failed to respond to discovery requests before the Discovery Cut-off, and failed to meet Case Schedule Deadlines." The original case schedule provided that the deadline for disclosure of possible primary witnesses was September 27, 2010. The deadline for disclosure of additional witnesses was October 25, 2010. When the trial court continued the trial date from December 27, 2010, to January 31, 2011, it extended the discovery cut-off date to January 1, 2011, but did not otherwise refer to the witness disclosure deadlines, which had already passed.

Pagh submitted her initial set of interrogatories to Gibson on December 1, 2010. Gibson served Pagh with his primary and rebuttal witness list on December 29, 2010. Counsel for Gibson conducted a deposition of Pagh on December 31, 2010; Pagh did not seek to depose Gibson. Pagh received Gibson's answers to her interrogatories on January 4, 2011, three days after the discovery cut-off date.

On January 28, 2011, three days before trial, Pagh filed a motion in limine asking the court to strike Gibson's proposed witnesses and award attorney fees. Pagh maintained that she had been unable to contact most of the witnesses and that

Gibson's disclosure of the witnesses was untimely. On the first day of trial, counsel for Pagh acknowledged that the motion was moot because Gibson had decided to call no witnesses, and the court did not address the motion further.

Pagh's claim that Gibson "fail[ed] to participate in discovery" is clearly without merit. Br. of Resp't at 19. The record indicates, however, that Gibson's submission of his witness list and answers to interrogatories arguably failed to comply with the case schedules. But both parties here engaged in only minimal discovery, with all of it occurring after the trial court's November 30, 2010 decision continuing the trial date to January 31, 2011. The trial court made no findings that Gibson's tardiness was the result of misconduct or a part of any other ongoing obstructionist conduct. Gibson's delayed submission of a witness list and tardy response to interrogatories provide no support for the trial court's determination that intransigence permeated the entire proceeding.

Pagh further asserts that Gibson's answer to interrogatories were "incomplete and inaccurate." Br. of Resp't at 19. The trial court entered no such findings, and Pagh fails to identify any relevant portion of the record to support this allegation.

Violation of a Domestic Violence Protection Order

The trial court found that Gibson contacted her "in violation of a DVPO." The court did not identify the nature or date of the alleged violation. Pagh claims the violation involved an email contact in January 2010 and multiple contacts through Gibson's Facebook account. But Pagh makes no showing that the alleged violations, which Pagh apparently reported to the police, delayed or obstructed her pending action.

### Persistent Attempts to Manipulate, Harass, and Intimidate

The trial court found that Gibson

persistently attempted to manipulate, harass and intimidate the Petitioner by delay, failure to personally appear or engage in the parenting plan process, multiple substitutions of counsel, and cooperate with court scheduling orders or discovery as part of his continuing pattern of domestic abuse.

The findings further recited that Gibson's intransigence delayed and frustrated the court's efforts to determine the best interests of the child.

But these findings, which essentially repeated the preceding findings, are insufficiently specific to permit meaningful appellate review. Nor has Pagh identified any statement or communication during the course of the proceedings below in which the trial court characterized Gibson as contemptuous or intransigent or suggested that any of his actions or omissions were intended to "manipulate, harass and intimidate" Pagh.

In summary, the findings of fact entered after remand failed to identify sufficient specific acts of misconduct to constitute intransigence or demonstrate that the alleged intransigence was so persistent or continuous as to permeate the entire proceedings. The alleged intransigence here was not analogous to that which courts have found sufficient to support a comparable award of attorney fees. Cf. Foley, 84 Wn. App at 846 (attorney fees properly awarded for intransigence in child support action where father's filing of numerous frivolous motions, failure to appear at his own deposition, and refusal to read correspondence from wife's attorney caused numerous trial delays and caused wife to incur additional attorney fees); Burrill, 113 Wn. App. at 873 (wife's "unsubstantiated, false, and exaggerated allegations against [husband] concerning his

fitness as parent . . ." permeated the entire proceeding and caused unnecessary and significant attorney fees). We therefore reverse and vacate the trial court's order awarding attorney fees. We decline to remand this matter yet again for the entry of the findings necessary to support an award of attorney fees for intransigence.

Because we reverse the attorney fee award, we need not address Gibson's claims that he never agreed to the appointment of the judge pro tem on remand or that the trial court's finding that Pagh "reasonably incurred $45,074.00 in attorney fees and $802.48 in costs in this for 199 hours of legal work . . ." was insufficient to support the amount of fees awarded for intransigence.

Finally, Gibson has assigned error to the trial court's failure on remand to correct or clarify certain findings in the original decision that this court in Gibson I characterized as irrelevant and immaterial. Because those findings are unrelated to the issue of intransigence, they did not fall within the scope of this court's remand. Gibson has therefore failed to identify any error. Gibson's attempts to reargue issues decided in Gibson I are also without merit.

Neither party is awarded attorney fees on appeal.

Reversed and vacated.

WE CONCUR:

_____
Leach, J.

_____
Grosse, J.

_____
Cox, J.