FILED
COURT OF APPEALS
DIVISION II

2014 DEC 16 AM 8:34

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Welfare of: | No. 45135-2-II |
| G.D.B., | |
| Child, | |
| Rhiannon Djnase Smith, | |
| Appellant, | |
| and | |
| Andrew Wesley Bertrand, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Following its denial of Andrew Bertrand's petition opposing Rhiannon Smith's relocation to Costa Rica with their daughter, the trial court awarded Bertrand $4,000 in attorney fees based on Smith's intransigence. Because, on the record before us, we cannot discern any legitimate basis supporting an award of attorney fees to Bertrand, we reverse and vacate the trial court's attorney fees award.

## FACTS

In January 2013, Smith filed a notice of intent to relocate to Costa Rica with her and Bertrand's daughter. Bertrand filed a petition objecting to Smith's intended relocation and sought modification of Smith's proposed custody decree, parenting plan, and residential schedule. A relocation trial took place on April 23 and May 2. On May 10, the trial court announced in an oral ruling that it would deny Bertrand's petition opposing Smith's relocation

with their daughter. At the May 10 hearing, Bertrand's attorney told the trial court that Bertrand was seeking attorney fees from Smith, stating:

> I just want the Court to be mindful that we have spent a huge amount of money to litigate this case largely because we were not provided with the kind of information that one should get in a relocation case. My request for attorney fees is still outstanding. I would ask the Court to consider that.

Clerk's Papers (CP) at 54. On June 20, Bertrand's attorney filed a declaration with attached billing statements showing that she had billed Bertrand $5,055.00 for services performed through April 22, 2013, and $8,647.43 for services performed from April 23, 2013 to June 20, 2013. The affidavit and attached billing statements did not segregate fees that were expended as a result of Smith's alleged conduct in failing to provide Bertrand "with the kind of information that one should get in a relocation case" from those fees expended for other reasons. CP at 54.

On June 21, 2013, the trial court held a hearing on the final presentation of its order denying Bertrand's petition opposing Rhiannon's relocation with their daughter. At the hearing, Bertrand's attorney again raised the issue of attorney fees, and the following exchange took place:

> [Petitioner's counsel]: The other issues before the Court are the attorney fees. Again, I know that I sound like a broken record. I don't mean to sound like a broken record, but I really do need to make my point here.
> [Trial court]: All right.
> [Petitioner's counsel]: This was a relocation that was filed by the mother. She filed nothing before trial. She communicated nada before trial. Everything that we found out about this relocation we found out in the context of testimony.
> [Trial court]: Right, right.
> [Petitioner's counsel]: It is—and I think that the Court understands how difficult that was for my client.
> [Trial court]: I think so.
> [Petitioner's counsel]: Before trial he had already spent $5,000 in legal fees. We have expended another fairly large chunk. . . . But the fees here have fallen on

my client. You know, he's losing his daughter. He's going to be paying long distance travel expenses . . . to maintain a relationship, and we did all the legal work, and that shouldn't have been the case.

Report of Proceedings (RP) at 5-6. In response, Smith's counsel argued that attorney fees were not an appropriate sanction for Smith's alleged failure to provide information regarding her intended relocation because Bertrand did not request any discovery from Smith. Smith's counsel further argued:

> But [Bertrand's attorney] has this request for attorney fees. We're the prevailing party in this case. There's no statute that addresses when you're a prevailing party in a family law case that I know of that I looked for, but there is a statute that addresses attorney fees. She states no basis whatsoever for requesting attorney fees. Her client didn't have to defend this. He didn't have to get an attorney. There is no requirement to get an attorney in a civil matter. . . . So there's no basis stated except she's saying I didn't know enough about the case to defend against it. . . . It's a civil matter. There are civil rules that deal with getting discovery from the other side. Well, [Bertrand's attorney] could have told me, said come to my office; let's talk about this some more. She didn't.

RP at 23-24. In rebuttal, Bertrand's attorney stated, "It shouldn't be incumbent on me to be forced into more expense to do discovery when it—it really (inaudible) common sense and common courtesy." RP at 27. After hearing arguments on the issue of Bertrand's requested attorney fees, the trial court stated:

> I will say this on attorney's fees: This case is close. I don't think sanctions are the appropriate remedy under [RCW] 26.09.550, but I do think that under the facts that [Bertrand's attorney] has relayed to me that the mother's conduct rises to the level of intransigence and by extending the trial needlessly by repeatedly failing to provide the father with information on her proposed relocation. I don't even know if a trial would have been necessary; I just don't know. In a relocation proceeding one should not be surprised in trial by the evidence. Now, I think there is blame on both sides here, but I think there is more blame on the mom's side than on the dad's side, as far as I can tell.
> I am going to order fees to the father in the amount of $4,000. That is only part of what is owed.

3

RP at 28-29. The trial court's final order denying Bertrand's petition states:

> The Father had little current info on Costa Rica at trial [and] was frustrated by new information rec'd during trial re Costa Rica. The court finds the mother's actions in [not] cooperating to frustrate [and] length [sic] (or even require) trial [and] awards the father $4,000 in attys fees.

CP at 74. Smith appeals the portion of the trial court's order awarding $4,000 in attorney fees to Bertrand.

## ANALYSIS

Smith asserts that the award of attorney fees to Bertrand must be vacated because there exists no legal or factual basis in support of the award.[1] On the record before us, we agree. Accordingly, we reverse and vacate the award of attorney fees to Bertrand.

A trial court has discretion to award attorney fees based on a party's intransigence. *In re Marriage of Bobbitt*, 135 Wn. App. 8, 29-30, 144 P.3d 306 (2006). We thus review a trial court's award of attorney fees based on a party's intransigence for an abuse of discretion. *Bobbitt*, 135 Wn. App. at 29-30.

An attorney fees award based on a party's intransigence is an equitable remedy and "when intransigence is established, the financial resources of the spouse seeking the award are irrelevant." *In re Marriage of Morrow*, 53 Wn. App. 579, 590, 770 P.2d 197 (1989); *In re Marriage of Greenlee*, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). Appellate courts have upheld a trial court's award of attorney fees based on intransigence where the intransigent party engaged in foot-dragging and obstruction, filed unnecessary or frivolous motions, refused to

---

[1] Bertrand did not file a response to Smith's appeal brief.

cooperate with the opposing party, refused to comply with discovery requests, or engaged in any other conduct that made the proceeding unduly difficult or costly. *Greenlee*, 65 Wn. App. at 708 (citing *Morrow*, 53 Wn. App. at 591; *Chapman v. Perera*, 41 Wn. App. 444, 455-56, 704 P.2d 1224 (1985); *Eide v. Eide*, 1 Wn. App. 440, 445, 462 P.2d 562 (1969)); *see also In re Marriage of Foley*, 84 Wn. App. 839, 846, 930 P.2d 929 (1997); *In re Marriage of Crosetto*, 82 Wn. App. 545, 564, 918 P.2d 954 (1996).

In general, trial courts must segregate fees caused by intransigence from those fees incurred for other reasons. *Crosetto*, 82 Wn. App. at 565. But when a party's intransigence "permeate[s] the entire proceedings, the court need not segregate which fees were incurred as a result of intransigence and which were not." *In re Marriage of Burrill*, 113 Wn. App. 863, 873, 56 P.3d 993 (2002).

The record before us does not reveal any specific acts of misconduct by Smith that would justify an attorney fees award to Bertrand based on her intransigence. Here, Bertrand requested attorney fees based on the allegation that he was "not provided with the kind of information that one should get in a relocation case," but he did not specify (1) what information he should have received from Smith, (2) whether Smith had any obligation to provide that information to him, (3) how that information was relevant to the issues for the relocation trial, or (4) how the failure to provide such information caused him additional legal expenses. CP at 54. More importantly, Bertrand did not state that he had ever requested such information from Smith, either informally or through the discovery rules. And his submitted billing statement did not segregate the legal fees expended as a result of Smith's alleged failure to provide him with

5

such information from the legal fees expended for other reasons. Absent these necessary details, we cannot discern whether Smith had engaged in misconduct that made the relocation proceedings unduly difficult or costly.

The trial court's final order awarding attorney fees to Bertrand was similarly vague as to the misconduct forming the basis for its intransigence finding, merely stating that Bertrand had "little current info on Costa Rica at trial [and] was frustrated by new information [received] during trial [regarding] Costa Rica" and that Smith's "actions in not cooperating" frustrated and lengthened the trial. CP at 74. As with Bertrand's attorney fees request, this order does not reveal how Smith had failed to cooperate or how her failure to cooperate frustrated and lengthened the trial. And there is nothing in the record before us, beyond the vague and conclusory allegation contained in Bertrand's attorney fees request, which shows that Smith had failed to cooperate during the relocation proceedings. Additionally, the record before us does not reveal how the trial court calculated $4,000 in attorney fees for Smith's intransigence. Because the trial court did not find that Smith's intransigence "permeate[d] the entire proceedings," it was required to segregate fees it found were caused by her intransigence from those fees incurred for other reasons. *Burrill*, 113 Wn. App. at 873.

6

Because, on the record before us, we cannot discern any specific acts of misconduct by Smith that would support an attorney fees award based on her intransigence, we reverse and vacate that portion of the trial court's June 24, 2013 order awarding attorney fees to Bertrand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Melnick, J.