**IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| SERGEY MANASHIROV,<br><br>     Appellant,<br> v.<br><br>ALEXANDRA MANASHIROVA,<br><br>     Respondent. | No. 78714-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

LEACH, J. — Sergey Manashirov appeals the trial court's decision to decline jurisdiction and transfer this child custody case from Washington to Alabama. Because he does not show that the trial court abused its discretion when it found Alabama to be a more convenient forum, we affirm.

BACKGROUND

Sergey Manashirov and Alexandra Manashirova were married from 2005 to 2011 and had one son together in Washington State. In April 2013, the trial court entered an agreed order permitting Manashirova to move from Washington to Alabama with their son. In 2018, Manashirova registered the Washington parenting plan in Alabama and sought modification. Manashirov objected. Then, asserting Alabama was a more convenient forum, Manashirova asked the Washington trial court to decline jurisdiction under RCW 26.27.261 and transfer jurisdiction to Alabama. Manashirov objected. Judge Barbara Mack from the Washington court and Judge Nicholas from the Alabama court held a UCCJEA

Citations and pincites are based on the Westlaw online version of the cited material.

conference. On June 27, 2018, the Washington court issued an order declining jurisdiction and finding Alabama to be a more convenient forum. The Washington court also suspended Manashirov's "visitation under the current Washington parenting plan. . . until further order of the Alabama court."

Manashirov filed a pro se appeal.

ANALYSIS

We first address Manashirova's contention that Manashirov's appeal should be dismissed for failing to comply with RAP 10.3 and RAP 9.2.

A pro se litigant is bound by the same rules of procedure and substantive law as an attorney.[1] A litigant's failure to comply with the RAPs and related case law may preclude appellate review.[2] RAP 10.3(a)(6) requires that a litigant support "issues presented for review, together with citations to legal authority and references to relevant parts of the record." Manashirov has not done this.[3] And, the "party presenting an issue for review has the burden of providing an adequate record to establish such error."[4] "An appellate court may decline to address a claimed error when faced with a material omission in the record."[5] Manashirov

---

[1] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993); Westberg v. All-Purpose Structures, Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

[2] Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); RAP 10.3(a)(6).

[3] We also note that Manashirov's opening brief contains documents outside the record on appeal, which we decline consider. RAP 10.3(a)(8).

[4] State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012).

[5] State v. Wade, 138 Wn.2d 460, 465, 979 P.2d 850 (1999).

has not provided this court with an adequate record on appeal to review the issues he raises.

With these limitations in mind, we proceed with an analysis of the issues Manashirov raises to the extent the appellate record allows.

Order Declining Jurisdiction (RCW 26.27.261)

Manashirov appeals the trial court's decision to decline jurisdiction and transfer the child custody case from Washington State to Alabama State under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and RCW 26.27.261(1). We review UCCJEA decisions for abuse of discretion.[6] A court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds or reasons.[7]

The UCCJEA authorizes a Washington court to "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum."[8] Before determining whether it is an inconvenient forum, a court must consider a number of factors like the "ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence."[9]

Manishirov does not assert any abuse of discretion. Instead, Manashirov claims the trial court should not have transferred this case to Alabama because his son was born in Washington, he cannot afford to travel to Alabama to see his son

---

[6] In re Marriage of Greenlaw, 123 Wn.2d 593, 609, 869 P.2d 1024 (1994).
[7] State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).
[8] RCW 26.27.261(1).
[9] RCW 26.27.261(2)(g).

or litigate the child custody case, and that the stress of the child custody case has caused him physical ailments and financial burdens.

The court's order declining jurisdiction states that it incorporates the oral findings it made after the June 27, 2018 hearing. Manashirov has not provided this court with a transcript of the oral findings. So, we do not know what oral findings the trial court made. Without this information, we cannot determine whether the trial court abused its discretion. But, we infer from the court's statement in its order that "Alabama is the more convenient forum," that the trial court considered whether Washington or Alabama, the state where the custodial parent and son reside, was the more convenient forum. So, Manashirov has not shown that the trial court abused its discretion in declining jurisdiction and we affirm.

Manashirov also contends the trial court should not have suspended visitation with his son. Because the trial court was justified in declining jurisdiction and transferring the case to Alabama, and Alabama has accepted jurisdiction, this issue is not properly before this court and we decline to address it.

<u>Attorney Fees on Appeal</u>

Manashirova requests an award of attorney fees and costs incurred in this appeal. RCW 26.09.140 provides the court with discretion, based on consideration of the "financial resources" of both parties, to order a party to pay the attorney fees of the other party in cases governed by chapter 26.09 RCW. And a court also may impose attorney fees against the party who filed a frivolous appeal.[10] "An appeal

---

[10] RAP 18.9(a).

is frivolous if the appellate court is convinced the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal."[11]

Because Manashirov did not assert any abuses of discretion, and did not provide a complete record for review, his appeal is frivolous and we grant Manashirova's request for attorney fees and costs subject to her compliance with RAP 18.1.

## CONCLUSION

Because Manashirov did not show the trial court abused its discretion, we affirm the trial court's order declining jurisdiction and transferring the child custody case to Alabama. We award Manashirova's attorney fees and costs on appeal.

_Leach, J._

WE CONCUR:

_Appelwick, J._

---

[11] In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).