**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| KURT BENSHOOF, | No. 86466-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| NATHAN CLIBER, JESSICA OWEN, MAGALIE LERMAN, and OWEN HERMSEN, | |
| Respondents. | |

MANN, J. — The superior court determined that Kurt Benshoof violated the terms of a prior court order, found Benshoof in contempt, imposed sanctions, and denied permission for him to file a new action in superior court. Benshoof appeals, but primarily challenges the validity of the underlying court order that included a vexatious litigant finding and restricted Benshoof's future court filings—an order that Benshoof previously appealed and we upheld. The law of the case doctrine precludes our consideration of the majority of Benshoof's claims on appeal and his remaining arguments are unavailing. We affirm.

I

After an extensive history of litigation arising out of a September 2021 parentage action, on March 31, 2023, the King County Superior Court entered an "Order

Restricting Abusive Litigation of Kurt Benshoof."[1]  The abusive litigation order requires Benshoof to (1) obtain court approval before filing new legal claims in Washington superior courts against his former romantic partner Jessica Owen, her attorney Nathan Cliber, Magalie Lerman, Owen Hermsen, and others; (2) obtain approval before filing legal claims in any court against the protected individuals by demonstrating good cause to proceed; and (3) submit a copy of the abusive litigation order with any new lawsuit or claims filed in any court.  The order's restrictions are effective for five years and the order provides that violation of its terms may result in a finding of contempt and sanctions including jail time.

In August 2024, this court affirmed the trial court's order, denied Benshoof's appeal, and awarded Owen, Cliber, Lerman, and Hermsen their attorney fees and costs on appeal.  See Benshoof, No. 85092-0-I, slip op. at 13-14.  In January 2024, while that appeal was pending, Cliber moved for an order of contempt in the trial court.  Cliber alleged that, in violation of the abusive litigation order, Benshoof filed a new lawsuit against him and others protected by the order in federal district court (Benshoof v. Admon et al., No. 2:23-cv-01392-JNW (W.D. Wash.)), and brought third-party claims against him and other protected individuals in another federal case (Seattle Sch. Dist. No. 1 v. Benshoof, No. 2:23-cv-01829-JHC (W.D. Wash.)), without first obtaining leave to proceed with his claims or properly calling the court's attention to the superior court's abusive litigation order.  Owen also moved for an order of contempt and for sanctions. Owen alleged that, since entry of the March 2023 order, Benshoof asserted new legal

---

[1] Benshoof's litigation history is set out in the court's August 2024 unpublished decision and not repeated here.  See Benshoof v. Cliber, No. 85092-0-I, slip op. at 11 (Wash. Ct. App. Aug. 26, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/850920.pdf.

claims against her in at least eight separate proceedings, including the proceedings identified by Cliber, without complying with the abusive litigation order.

The trial court granted Owen's and Cliber's motions. The court found that Benshoof failed to comply with the abusive litigation order by filing "new claims and causes of action" in the two identified federal cases, without filing motions for leave to proceed in either case. The court further found that Benshoof did not properly submit the abusive litigation order: in one case did not file it at all, and in the other, he "buried" the order among over 2,000 pages of exhibits attached to his complaint "to reduce the likelihood that the federal court would become aware of the order."

The trial court found Benshoof in contempt. As a sanction, the court ordered Benshoof to pay the attorney fees incurred by Cliber and Owen in bringing their motions for contempt and to pay the fees Cliber incurred in bringing the abusive litigation order to the attention of the federal court. The court further ordered Benshoof to file a motion for leave to proceed with his new claims, required by the abusive litigation order, in each federal case and to file proof of those filings in superior court. If Benshoof failed to file the required motions, or dismiss his claims, within a week after entry of the contempt order, the court determined that daily remedial sanctions of $250 per day, per defendant covered by the contempt order, would apply. The court extended the terms of the abusive litigation order for an additional year. The trial court later entered findings, conclusions, and separate orders awarding attorney fees and costs in the amount of $11,825.00 to Cliber and $11,014.92 to Owen.

Meanwhile, in January 2024, Benshoof moved the trial court for leave to file a petition for habeas corpus, alleging that Owen, Cliber, and Lerman, "unlawfully

restrained" Benshoof and the minor child he shares with Owen. The trial court denied the motion.

Benshoof appeals.

II

Representing himself in this matter, Benshoof does not dispute that after entry of the abusive litigation order, he filed legal claims against individuals protected by the order in two federal cases, without advance approval. His primary challenge to the contempt order is premised on arguments that the underlying abusive litigation order is, for various reasons, "void ab initio." But Benshoof previously appealed the abusive litigation order and the law of the case doctrine precludes him from relitigating challenges to that order in this appeal.

The law of the case doctrine generally bars "successive reviews of issues that a party raised, <u>or could have raised</u>, in an earlier appeal in the same case." <u>In re Est. of Langeland</u>, 195 Wn. App. 74, 82, 380 P.3d 573 (2016) (emphasis added). The doctrine promotes " 'finality and efficiency of the judicial process by protecting against the agitation of settled issues.' " <u>State v. Harrison</u>, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003) (quoting <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)). We retain some discretion under this doctrine, now partially codified by RAP 2.5, to revisit issues that might have been raised in earlier appeals. <u>Folsom v. County of Spokane</u>, 111 Wn.2d 256, 264, 759 P.2d 1196 (1988). We generally exercise such discretion, however, only in limited circumstances: when the prior appellate decision is clearly erroneous and refusing to review a claim of error

would result in manifest injustice, or when there has been an intervening change in controlling precedent.  Roberson v. Perez, 156 Wn.2d 33, 42, 123 P.3d 844 (2005).

In Benshoof's prior appeal, we rejected his challenges to the abusive litigation order on constitutional grounds.  Benshoof, No. 85092-0-I, slip op. at 9-13.  Observing that meritless lawsuits are outside the scope of First Amendment protection, and Washington courts have inherent authority to take measures to control the conduct of litigants who engage in repeated abusive and frivolous litigation, we determined that the trial court did not abuse its discretion in entering the abusive litigation order.  Benshoof, No. 85092-0-I, slip op. at 9-11.  We noted the unchallenged finding that "after his first complaint against Owen was dismissed with prejudice, Benshoof filed two additional complaints against Owen in the United States District Court and the King County Superior Court, the second of which 'was nothing short of a re-filing on the exact same claims previously dismissed.' " Benshoof, No. 85092-0-I, slip op. at 10.  We also pointed to the trial court's finding that the lawsuit giving rise to the entry of the abusive litigation order was Benshoof's fifth civil complaint against Owen within a period of nine months.  Benshoof, No. 85092-0-I, slip op. at 11.  In addition to being unchallenged, we concluded that the trial court's findings, including those about Benshoof's "extensive pattern of abusive litigation" and the "significant emotional and financial burden" of his conduct, were "amply supported by the record."  Benshoof, No. 85092-0-I, slip op. at 11.

In the current appeal, Benshoof reasserts and reframes constitutional arguments raised in his prior appeal and presents entirely new arguments challenging the abusive litigation order.  Among other things, Benshoof claims: (1) the trial court lacked "jurisdiction" to impose litigation restrictions absent a finding that he committed domestic

violence, (2) he was deprived of his right to fair hearing due to attorney and judicial misconduct, (3) the abusive litigation order was obtained through "perjury and extrinsic and collateral fraud," and (4) the abusive litigation order infringes on his constitutional right to "freely exercise his religious beliefs" and (5) infringes on his right to a jury trial. Every issue Benshoof asserts was either previously raised, or could have been raised, in his prior appeal from that order. Benshoof fails to acknowledge his prior appeal and the law of the case doctrine, much less provide a basis to avoid the doctrine. None of Benshoof's arguments lead us to conclude that our prior decision upholding the abusive litigation order was clearly erroneous and he identifies no intervening change in controlling precedent. Under the law of the case doctrine, we decline to revisit Benshoof's challenge to the abusive litigation order.

III

Benshoof's only challenges to the contempt order itself pertain to the potential monetary remedial sanctions and to language warning that future violations of the abusive litigation order could result in jail time, as a sanction.

Benshoof argues that the monetary sanctions constitute constitutionally excessive fines. Both the state and federal constitutions prohibit imposition of excessive fines. CONST. art. I, § 14; U.S. CONST. amend. VIII. A central objective of the excessive fines clause is to protect individuals against fines so oppressive as to deprive them of their livelihood. City of Seattle v. Long, 198 Wn.2d 136, 171, 493 P.3d 94 (2021). But it is the collection of a fine, not the imposition, that potentially threatens an individual's livelihood. State v. Curry, 118 Wn.2d 911, 917, 829 P.2d 166 (1992) (constitutional principles implicated at the point of collection, not when the obligation is

initially imposed). Here, nothing in the record indicates that Benshoof failed to comply with the contempt order or that the court collected any remedial sanctions. Benshoof fails to establish a violation of the excessive fines clause.

Insofar as Benshoof also claims that future potential sanctions contravene what he refers to as the "Bills of Pains and Penalties" clause, his claim is misplaced. Benshoof cites article I, section 10, of the United States Constitution, presumably relying on the prohibition that "[n]o State shall . . . pass any Bill of Attainder." An impermissible bill of attainder involves a legislature's passage of a statute that inflicts a punishment on specified persons without a judicial trial. See, e.g., SeaRiver Maritime Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 668 (9th Cir. 2002). Since Benshoof does not challenge a state legislative enactment that singles out specified individuals for punishment without a trial, this constitutional provision is inapplicable.

IV

Benshoof next challenges the trial court's order denying permission to file a petition for habeas corpus against individuals protected by the abusive litigation order, alleging unlawful restraint of Benshoof and his minor child.[2] In denying the motion, the court noted that Benshoof sought to relitigate rulings in the family law matter and that a writ of habeas corpus is not a substitute or proper vehicle to appeal those decisions. Benshoof takes issue with the trial court's reasoning, and maintains that he was seeking to challenge the superior court's jurisdiction, not to appeal prior court rulings, and that the trial court was "estopped" from denying permission to file his proposed petition because the court previously allowed Benshoof to file new claims against the City of

___

[2] Benshoof makes no specific arguments with respect to the orders awarding attorney fees to Owen and Cliber.

Seattle. But, as we previously noted, courts have inherent discretion to "place reasonable restrictions on any litigant who abuses the judicial process." Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008); Benshoof, No. 85092-0-I, slip op. at 10. Benshoof fails to appreciate that, regardless of whether habeas was an available mechanism to pursue his allegations, the trial court simply had discretion under the abusive litigation order, upheld by this court, to prohibit him from filing yet another lawsuit against the individuals protected by that order. Benshoof offers no authority which suggests that it was error, or an abuse of discretion, to deny leave to file his proposed petition under these circumstances.

V

Finally, Cliber requests an award of attorney fees under RAP 18.9(a), asserting that Benshoof's appeal is frivolous. Respondents Owen, Lerman, and Hermsen also request fees, likewise arguing that the appeal is frivolous. An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). That standard is satisfied here because Benshoof's appeal is primarily a second attempt to challenge the previously appealed abusive litigation order and the other issues he raises are clearly without merit. We award attorney fees and costs on appeal to Cliber, Owen, Lerman, and Hermsen, subject to their compliance with RAP 18.1(d).

Affirmed.

WE CONCUR:

_Mann, J._

_Feldman, J._     _Coburn, J._