IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| HATSUYO "SUE" HARBORD, | ) | No. 72731-1-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| SAFEWAY, INC., | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: July 25, 2016 |
| | ) | |

BECKER, J. — To defeat a properly supported motion for summary judgment, the nonmoving party may not rely on the allegations set forth in the complaint, but must identify evidence establishing a genuine factual issue for trial. In response to Safeway's motion for summary judgment, Harbord failed to submit or identify any admissible evidence supporting her claims of discriminatory discharge. Moreover, throughout the entire proceedings in the trial court, Harbord refused to respond to Safeway's discovery requests or to appear for a deposition, claiming that she had no obligation to comply with discovery rules. The trial court dismissed Harbord's claims on summary judgment and, in the alternative, for her violation of a discovery order. We affirm and award Safeway attorney fees for a frivolous appeal.

FACTS

Safeway hired Harbord as an office clerk and bookkeeper for its Port Angeles store in September 2004. Harbord's duties included the customer service desk, processing money orders and lottery tickets, filling coin changers, providing cash to the check stand registers, and balancing daily income with total store sales. Over time, Safeway determined that Harbord was unable to perform her duties in an acceptably efficient and timely manner. In 2009, an audit noted various errors, inaccuracies, and discrepancies in Harbord's accounting of the store's daily receipts. Safeway issued multiple disciplinary notices to Harbord in 2008 and 2009, pointing out specific deficiencies. Despite multiple meetings and retraining, Safeway concluded that Harbord's work performance remained unacceptable.

In 2010 and 2011, Safeway continued to cite Harbord for poor work performance, including the failure to complete her duties in an acceptable amount of time and carelessness in performing office procedures. The store manager also discovered that Harbord was spending a significant amount of time during her shift writing notes to herself and copying proprietary and confidential financial information. Harbord later told a Safeway investigator that she took the notes to "protect herself" but provided no further explanation. Video surveillance recordings showed that Harbord was moving her computer terminal during her

shift for no apparent reason. Despite instructions to stop the practice, Harbord continued to move the computer terminal.

In early 2011, Safeway suspended Harbord for three days for multiple incidents involving carelessness and inaccuracy. The store manager observed that Harbord was continuing to spend up to 30 minutes of her shift writing notes to herself.

In March 2011, Harbord completed a $150 money order for which no customer was present. Harbord initially claimed that she did not print out the money order because the transaction was cancelled. Despite Safeway's repeated requests at the time, Harbord provided no further explanation.

In April 2011, Safeway suspended Harbord pending an investigation of her job performance. After concluding that Harbord failed to provide acceptable responses to the investigator's questions, Safeway terminated Harbord's employment on May 6, 2011, for repeated failure to follow instructions, refusal to perform assigned tasks, violations of Safeway's policies regarding confidential information, and inadequate job performance.

On May 24, 2013, Harbord filed this action against Safeway. Harbord, who was represented by counsel, alleged wrongful termination in violation of public policy and violations of the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW.

Safeway removed the action to federal district court on the basis of diversity jurisdiction. At some point, Harbord fired her attorney, and the district court granted her motion to proceed pro se. The court later remanded the case back to King County Superior Court after Harbord asserted that her claims involved less than $75,000.

While the case was proceeding in federal court, Safeway served Harbord with initial discovery requests. On March 11, 2014, after asserting that it made repeated unsuccessful attempts to communicate with Harbord about the discovery requests, Safeway moved to compel. Harbord did not file a response to the motion to compel, and the district court remanded the case to state court without ruling on the motion. After the remand, Safeway again attempted to contact Harbord about the discovery requests.

At the trial court's CR 16 conference on August 8, 2014, Harbord claimed that Safeway's failure to provide her with her "personnel file" was "holding" everything up. The trial court noted that Harbord had raised this claim before and had not provided the court with any proof that she ever made a formal discovery request.

Counsel for Safeway explained that he originally provided Harbord's former counsel with the requested documents in searchable PDF format. After Harbord's counsel withdrew, Safeway provided Harbord with hard copies. Recently, Safeway had sent a box containing a third set of the requested

documents, comprising more than 1,000 pages, to Harbord's post office box. Harbord refused the shipment.

Harbord asserted that she rejected the box because counsel for Safeway had not provided an inventory log of the contents on the outside of the box. Counsel for Safeway then offered the still-sealed box to Harbord in court and explained that there was a cover sheet in the box setting forth the contents of the box. The court informed Harbord that she would be unable to determine if any documents were missing unless she opened the box and reviewed the contents.

At the conclusion of the hearing, the court entered an order directing Harbord to accept the discovery documents that Safeway offered. Although Harbord apparently took the box of documents with her when she left the hearing, she later returned it to Safeway's counsel and informed the court that "Plaintiff does NOT want Rule 26, 33, and 34."

On August 20, 2014, Safeway filed a second motion to compel Harbord to respond to discovery requests. Harbord filed a response asserting, among other things, that the parties did not have an "agreement [with the defendant] . . . under rule 26, 33, and 34," that she had a "right to have privilege information/evidence until trial" and "does not need to release information until trial date," that she "is NOT doing this case with rule 26 discovery . . . rule 33 interrogatories, rule 34 producing documents," that she did not ask for interrogatories, and that she returned the box of documents because "Plaintiff does not agree with rule 26, 33,

and 34." Harbord also claimed that the trial court was unfair to her during the August 8, 2014, hearing.

On September 8, 2014, the trial court granted the motion to compel, finding that Safeway had made repeated good faith efforts to obtain the requested discovery without court action. The court directed Harbord to respond within 10 days to the discovery requests that Safeway had served more than 10 months earlier and ordered Harbord to pay Safeway's reasonable costs, including attorney fees, incurred in preparing the motion to compel. The order informed Harbord that the failure to comply could result in dismissal of the action. The court later awarded Safeway reasonable costs, including attorney fees, of $2,600.

In a separate order, the court found that despite having time to file more than 75 motions in federal and state court, Harbord had refused to confer in good faith with Safeway about its discovery requests. The court also emphasized that Harbord's apparent belief that she was not subject to discovery rules was incorrect.

On September 19, 2014, Safeway moved for summary judgment, contending that Harbord had failed to submit any evidence supporting crucial elements of her discrimination and wrongful termination claims. Safeway also moved to dismiss the action as a sanction under CR 37(b) for Harbord's ongoing refusal to respond to discovery requests, her failure to appear for a deposition,

and her refusal to comply with the court's September 8 order compelling a response to discovery requests.

Harbord did not comply with the order compelling discovery or file a response addressing the merits of Safeway's summary judgment motion. Rather, she continued to file multiple documents insisting that she had no obligation to comply with discovery rules and that she had a right to a jury trial. See, e.g., "an open refusal based on an assertion that no valid obligation exists for discovery," filed September 23, 2014; "Pro se Plaintiff did not agree with summary judgment . . . Pro se has rights to go to trial," filed September 25, 2014; "Pro se asks the court for new trial without Rule 26-37," filed October 13, 2014; and "Pro se did not have any obligation for discovery," filed October 21, 2014.

On October 24, 2014, the day of the summary judgment hearing, Harbord filed several documents, including a purported declaration containing allegations about her employment with Safeway. The trial court noted that the documents were untimely, unsworn, lacked any declaration that they were made under penalty of perjury, included irrelevant and inadmissible allegations, and contained no admissible evidence that would create a material issue of fact. See CR 56(c).

At the conclusion of the hearing, the trial court granted Safeway's motion for summary judgment. In the alternative, the court dismissed Harbord's claims under CR 37(b) as a sanction for her complete failure to participate in discovery. The court denied Harbord's motion for reconsideration on November 18, 2014.

No. 72731-1-I/8

Standard of Review

When reviewing a grant of summary judgment, an appellate court undertakes the same inquiry as the trial court. Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). We consider the evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); White v. State, 131 Wn.2d 1, 9, 929 P.2d 396 (1997).

The moving party can satisfy its initial burden under CR 56 by demonstrating the absence of evidence supporting the nonmoving party's case. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue for trial. Kendall v. Douglas, Grant, Lincoln & Okanogan Counties Pub. Hosp. Dist. No. 6, 118 Wn.2d 1, 8-9, 820 P.2d 497 (1991).

Discriminatory and Retaliatory Discharge

Although Harbord makes no coherent legal argument on appeal, her primary contention appears to be that Safeway fired her in violation of the WLAD.

RCW 49.60.180(2) makes it unlawful for employers to discharge any person from employment because of age, sex, marital status, race, creed, color, or national origin.

In examining such claims, courts in Washington consider the three-part burden of proof test established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). See Hill v. BCTI Income Fund-I, 144 Wn.2d 172, 180, 23 P.3d 440 (2001), overruled on other grounds by McClarty v. Totem Elec., 157 Wn.2d 214, 137 P.3d 844 (2006). First, the plaintiff bears the burden of proving a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. Second, if the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action. McDonnell Douglas, 411 U.S. at 802. Third, if the defendant satisfies this burden, the plaintiff must prove that the defendant's proffered reasons are, in fact, pretextual. McDonnell Douglas, 411 U.S. at 804. If the plaintiff fails to establish a prima facie case, the defendant is entitled to summary judgment. Callahan v. Walla Walla Hous. Auth., 126 Wn. App. 812, 819, 110 P.3d 782 (2005).

The nature of a prima facie case necessarily depends on the particular form of discrimination alleged. Generally, to establish a prima facie case of discrimination, the plaintiff must demonstrate that he or she (1) is in a protected class, (2) suffered an adverse employment action, (3) was doing satisfactory

work, and (4) was replaced by or treated differently than someone in a nonprotected class. See Kirby v. City of Tacoma, 124 Wn. App. 454, 468, 98 P.3d 827 (2004), review denied, 154 Wn.2d 1007 (2005).

Safeway satisfied its initial burden on summary judgment by submitting evidence that Harbord's job performance had not been satisfactory for several years. When the moving party has met its initial burden on summary judgment by demonstrating the absence of evidence to support the nonmoving party's case, the nonmoving party

> may not rely on the allegations in the pleadings but must set forth specific facts by affidavit or otherwise that show a genuine issue exists. Additionally, any such affidavit must be based on personal knowledge admissible at trial and not merely on conclusory allegations, speculative statements or argumentative assertions.

Las v. Yellow Front Stores, Inc., 66 Wn. App. 196, 198, 831 P.2d 744 (1992) (footnote omitted).

In response to the motion for summary judgment, Harbord submitted no admissible evidence supporting her claim of discriminatory discharge. Nor has she identified any evidence in the record indicating that she was performing satisfactory work or that Safeway acted in a manner supporting an inference of discrimination.

Harbord's appellate brief contains numerous conclusory factual allegations about her employment at Safeway, none of which are supported by a reference to admissible evidence in the record. See RAP 10.3(a)(5) (party must include

reference to the record for each factual statement in brief); RAP 9.12 (when reviewing order granting summary judgment, appellate court "will consider only evidence and issues called to the attention of the trial court"). Although we are mindful that Harbord is acting pro se, we will hold self-represented litigants to the same standard as an attorney. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

Because Harbord failed to establish a prima facie case of discrimination, the trial court properly dismissed her claims on summary judgment.

Harbord's complaint also alleged claims of retaliation and wrongful discharge in violation of public policy.

To establish a prima facie case of retaliation under RCW 49.60.210(1), a plaintiff must show that "(1) he or she engaged in statutorily protected activity, (2) he or she suffered an adverse employment action, and (3) there was a causal link between his or her activity and the other person's adverse action." Currier v. Northland Servs., Inc., 182 Wn. App. 733, 742, 332 P.3d 1006 (2014), review denied, 182 Wn.2d 1006 (2015). To prevail on a claim of wrongful discharge in violation of public policy, the plaintiff must prove (1) the existence of a clear public policy, (2) that discouraging the conduct in which the plaintiff engaged would jeopardize the public policy, (3) that the plaintiff's public-policy related conduct caused the dismissal, and (4) that the defendant has not offered an

overriding justification for the dismissal. <u>Rickman v. Premera Blue Cross</u>, 184 Wn.2d 300, 310, 358 P.3d 1153 (2015).

Because Harbord failed to identify any supporting evidence, the trial court properly dismissed her claims of retaliation and wrongful termination in violation of public policy on summary judgment.

<u>Discovery Sanction</u>

The trial court also dismissed Harbord's claims as a sanction for her complete refusal to participate in discovery. CR 37(b)(2) authorizes the trial court to impose sanctions, including dismissal of the action, if a party fails to comply with a court order compelling discovery. The trial court necessarily has broad discretion in choosing sanctions for violation of a discovery order, and we will not overturn the court's ruling on appeal absent a manifest abuse of discretion. <u>Burnet v. Spokane Ambulance</u>, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997). The trial court abuses its discretion if its ruling is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." <u>Associated Mortg. Inv'rs v. G.P. Kent Constr. Co.</u>, 15 Wn. App. 223, 229, 548 P.2d 558, <u>review denied</u>, 87 Wn.2d 1006 (1976).

When imposing severe sanctions for violation of a discovery order, such as dismissal, the trial court must consider, on the record, (1) whether the discovery violation was willful, (2) whether the violation substantially prejudiced the other party's ability to prepare for trial, and (3) whether a lesser sanction

would suffice.  Burnet, 131 Wn.2d at 494.  Here, the trial court expressly considered all three factors, and the record supports the trial court's determination.

For nearly a year before the trial court entered the order compelling discovery, Harbord refused to respond to any of Safeway's discovery requests or cooperate with Safeway's attempts to schedule a deposition.  In the September 8, 2014, order compelling discovery, the trial court warned Harbord that the failure to comply could result in the dismissal of the action.  The court also expressly informed Harbord that she had no lawful basis for her apparent belief that she was not subject to the discovery rules.  But Harbord ignored the discovery order and continued to flood the trial court, as she had throughout the proceedings, with documents claiming that she had no obligation to comply with the discovery rules.  The record clearly establishes that Harbord's failure to comply with the discovery order was willful and deliberate.  See Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 686-87, 41 P.3d 1175 (2002) ("A party's disregard of a court order without reasonable excuse or justification is deemed willful").

Harbord's failure to comply with the discovery order was also prejudicial. Harbord provided *no* responses to Safeway's discovery requests and refused to schedule a deposition, severely limiting Safeway's ability to make meaningful trial preparations.

-13-

The trial court expressly warned Harbord that she was subject to the discovery rules and that the failure to comply with a court order could result in dismissal. The court also awarded Safeway its reasonable expenses, including attorney fees, for having to bring the motion to compel. Nonetheless, Harbord ignored the trial court's order and repeatedly denied any obligation to comply with discovery rules. The record amply supports the trial court determination that a lesser sanction was not sufficient.

The trial court did not abuse its discretion in dismissing Harbord's action as a sanction for violating the discovery order.

Remaining Issues

In her brief, Harbord asserts that Safeway filed a stipulated protective order in federal court without her knowledge, that Safeway failed to serve all documents by certified mail, and that she did not receive Safeway's summary judgment motion in a timely manner. But Harbord fails to support these conclusory allegations with any legal arguments or citation to authority. Accordingly, we decline to consider them. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

Pending Motions

Harbord filed her notice of appeal on November 21, 2014. On August 8, 2015, after multiple extensions of time, Harbord filed an untimely "preliminary brief," which this court is treating as her opening brief. Despite several extensions of time, Harbord failed to file a reply brief. Nonetheless, Harbord has found time to file dozens of various documents and motions.

We have reviewed all of the documents that are briefly summarized in the Appendix to this opinion. To the extent these filings can be construed as motions, including motions to modify commissioners' rulings, the motions are all denied.

Attorney Fees on Appeal

Safeway requests an award of attorney fees for a frivolous appeal. See RAP 18.9(a). An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). That standard is satisfied here. Harbord's complete failure to identify supporting evidence in the record or present any meaningful legal argument addressing the summary judgment standard and discovery sanctions precludes any arguable challenge to the trial court's decision. Safeway is awarded reasonable attorney fees on appeal, subject to compliance with RAP 18.1(d).

No. 72731-1-I/16

The motions identified in the appendix are denied. The trial court's dismissal of Harbord's claims is affirmed.

Becker, J.

WE CONCUR:

No. 72731-1-I/17

APPENDIX

| | |
|---|---|
| July 18, 2016 | "Petition for my case . . . Protest for Appeals Court . . ." |
| June 23, 2016 | Motion for Extension of Time to File Reply Brief |
| June 20, 2016 | Motions for Extension of Time, Continuance, and/or Stay |
| June 17, 2016 | Motions for Change of Venue, Japanese Translator, and Oral Argument |
| June 10, 2016 | Demand for Oral Argument and Translator |
| June 9, 2016 | Objections to Commissioner's May 31, 2016 Ruling |
| June 7, 2016 | Motion for Extension of Time to File Reply Brief |
| May 27, 2016 | Motion for Sanctions and Continuance and Objection to Commissioner's May 20, 2016 Ruling |
| May 24, 2016 | Motion for Extension of Time to File Reply Brief and for Preliminary Injunction |
| May 20, 2016 | Motion for Default |
| May 13, 2016 | Petition Opposing Commissioner's May 5, 2016 Ruling, Motion for Stay of Proceedings to Enforce Judgment, Motion for Translator, and Motion on the Merits |
| May 2, 2016 | Opposition to Commissioner's April 20, 2016 Ruling |

| | |
|---|---|
| April 29, 2016 | Objection to Commissioner April 20, 2016 Ruling |
| April 22, 2016 | Motion Regarding Respondent's Undelivered Brief, Motion for Extension of Time to File Reply Brief |
| April 21, 2016 | Motion to Correct Mistakes and Fraud |
| April 15, 2016 | Objection to Commissioner's April 6, 2016 Ruling, Motion to Strike |
| April 13, 2016 | Filing Regarding Respondent's Brief |
| April 5, 2016 | Motions for Continuance, Correction of Clerical Mistakes, and Oral Argument |
| April 1, 2016 | Motion for Fraud Against Counsel for Respondent |
| March 31, 2016 | Motions for Due Process by Court of Appeals, Motion for Damages |
| March 25, 2016 | Petition of Certified Questions, Opposition to Commissioner's March 17, 2016 Ruling, Intervention by State Constitutional Question |
| March 11, 2016 | Motion for Sanctions |
| March 4, 2016 | Motion for Preliminary Injunction |
| February 29, 2016 | Motion for Preliminary Injunctions |
| February 26, 2016 | Petition Alleging Bias and Prejudice |
| February 23, 2016 | Notice of Intent to File Amicus Brief |
| February 8, 2016 | Motion for Relief from Proceeding |
| February 3, 2016 | Objection to Receiving Court of Appeals' Orders in Two Appeals on the Same Day |