[No. 34341-0-II.   Division Two.   December 5, 2006.]

LEE HOLDER ET AL., *Appellants*, v. THE CITY OF VANCOUVER ET AL., *Respondents*.

*Lee and Gina Holder*, pro se.

*Ted H. Gathe, City Attorney*, and *Charles A. Isely, Assistant*, for respondents.

¶1 VAN DEREN, J. — Lee and Gina Holder (Holder), appearing pro se, appeal a hearing examiner's final order that Holder violated Vancouver Municipal Code (VMC) section 17.14.290 by parking or storing several vehicles on unimproved surfaces. The superior court affirmed the hearing examiner and dismissed the Land Use Petition Act (LUPA) action under chapter 36.70C RCW, and Holder appealed. But Holder's opening and reply briefs do not refer to chapter 36.70C RCW, and he stated at oral argument

that he was not pursuing his appeal under LUPA. He argues only that res judicata barred the city from issuing a notice of civil violation for storing or parking motor vehicles on an unimproved surface and that the trial court erred in requiring him to submit a nonconforming use permit (NCUP) application to the city. The city does not object to our consideration of Holder's claims as a LUPA appeal of right and submits that RCW 36.70C.130(1)(c) and (1)(d) are the applicable statutory provisions. We refuse to speculate about the bases Holder would assert in a LUPA appeal. We dismiss his appeal because he abandoned his right to appeal under LUPA and the issues raised do not satisfy RAP 2.3(b) for discretionary review of his claims.

## DISCUSSION

¶2 "[P]ro se litigants are bound by the same rules of procedure and substantive law as attorneys." *Westberg v. All-Purpose Structures, Inc.*, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997) (citing *Patterson v. Superintendent of Pub. Instruction*, 76 Wn. App. 666, 671, 887 P.2d 411 (1994), *review denied*, 126 Wn.2d 1018 (1995)).

¶3 In appealing the hearing examiner's decision to the Clark County Superior Court, Holder referred to LUPA only in his petition for review. He did not address or argue LUPA provisions thereafter. Holder's single mention of LUPA in his petition for review to the superior court and that court's subsequent order finding that Holder failed to demonstrate that he was entitled to relief under RCW 36.70C.130 are the only references by either party to LUPA at the superior court. On appeal, Holder did not brief, address, or argue LUPA in either his opening brief or his reply brief, despite the city's discussion of LUPA in its responsive brief and at oral argument.

¶4 Furthermore, when asked the specific basis of his LUPA appeal during oral argument, Holder unequivocally

stated that he had withdrawn his LUPA appeal.[1] He stated that he was appealing only the superior court's conclusion that he had violated the city's municipal code and what he characterizes as its order requiring him to apply for an NCUP.

¶5 We do "not consider issues apparently abandoned at trial and clearly abandoned" on appeal. *Seattle First-Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 243, 588 P.2d 1308 (1978). A party abandons an issue by failing to pursue it on appeal by (1) failing to brief the issue or (2) explicitly abandoning the issue at oral argument. *State v. Wood*, 89 Wn.2d 97, 99, 569 P.2d 1148 (1977); *Talps v. Arreola*, 83 Wn.2d 655, 657, 521 P.2d 206 (1974) (holding that it was evident the appellant had abandoned a claim on appeal because she failed to include argument or cites to authority on the issue in her opening brief or in her reply brief).

¶6 Here, the facts are similar to those in *Seattle-First National Bank*, where the appellant made only one reference to an issue at the superior court and made no argument at either the superior court or the appellate court regarding the issue. *Seattle-First Nat'l Bank*, 91 Wn.2d at 243. The court held that the appellant had abandoned the issue on appeal under these circumstances. *Seattle-First Nat'l Bank*, 91 Wn.2d at 243.

¶7 We hold that Holder abandoned his LUPA claim both at trial and on appeal because (1) he made a solitary reference to LUPA at the superior court level and made no argument regarding LUPA; (2) he failed to brief the issue in either his original or in his reply brief on appeal, despite the City's references to LUPA in its responsive brief; and (3) he explicitly abandoned his LUPA claim during oral argument.

¶8 LUPA is the *exclusive* means of judicial review of land use decisions. RCW 36.70C.030(1). Thus, by abandoning the exclusive means for judicial review, Holder

---

[1] Holder perfected his LUPA appeal to the superior court by appealing the hearing examiner's decision under LUPA.

forfeited his appeal of right and, consequently, we do not have jurisdiction over his appeal of the hearing examiner's[2] land use decisions. If Holder were to appeal any non-LUPA decisions of the hearing examiner or superior court, he must comply with RAP 2.3(b), which establishes the circumstances under which discretionary review may be accepted.[3] But all his arguments arise directly from the hearing examiner's land use decision. Holder did not file a petition for discretionary review, and the issues raised do not satisfy RAP 2.3(b) standards; thus, we decline further review.

■ ¶9 Furthermore, were we to review Holder's claims under LUPA, his arguments fail. Holder and the city twice engaged in litigation involving Holder's use of property annexed by the city on January 1, 1997. On September 14, 1999, the city cited Holder for violation of three former provisions of the Vancouver Municipal Code: former VMC 20.83.300 (1999) (open storage), former VMC 20.81.440 (1999) (parking on unimproved areas), and former VMC 20.11.320 (1999) (parking within required setback areas). Holder appealed the cita-

---

[2] Holder's appeal focuses on the superior court's decision affirming the hearing examiner. Here, because the superior court was required to serve in an appellate capacity to an administrative action, we disregard the superior court's findings and conclusions as surplusage. *See Van Sant v. City of Everett*, 69 Wn. App. 641, 651, 849 P.2d 1276 (1993) (citing *Grader v. City of Lynnwood*, 45 Wn. App. 876, 879, 728 P.2d 1057 (1986)).

[3] RAP 2.3(b) states:

Except as provided in section (d), discretionary review may be accepted only in the following circumstances:

(1) The superior court has committed an obvious error which would render further proceedings useless; or

(2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;

(3) The superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court; or

(4) The superior court has certified, or that all parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

tion and several hearings resulted in a finding that Holder violated former VMC 20.83.300. But the 1999 matter was dismissed in exchange for Holder's dropping his appeal of the superior court's order affirming the hearing examiner's decision. Then, in 2005, Holder was cited for violation of VMC 17.14.290 (former VMC 20.81.440, revised Jan. 29, 2004) for parking motor vehicles on unimproved surfaces. The trial court ultimately upheld the hearing examiner's decision that Holder violated VMC 17.14.290. Holder asserts that res judicata precluded the city from citing him under VMC 17.14.290 (former VMC 20.81.440) based on the 1999 action.

¶10 Holder's claim fails for three reasons: (1) the 1999 violation citation of former VMC 20.81.440, on which Holder relies for his res judicata argument, was dismissed by the hearing examiner and was not the subject of the trial court's decision affirming the hearing examiner; (2) ultimately, the entire previous action was dismissed by agreement and is without legal effect, *see Fid. & Deposit Co. of Md. v. Seattle, Renton & S. Ry.*, 50 Wash. 391, 392, 97 P. 453 (1908) (holding that because the action was vacated and set aside by the mutual agreement of the parties, it could no longer be held to be res judicata of the questions determined); and (3) the two code violations were not identical, address different subject matter, and have different underlying purposes. *See Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 32, 891 P.2d 29 (1995) (quoting *Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983)).

¶11 His claim that the trial court erred by requiring him to submit an NCUP application also fails. Holder incorrectly characterizes the trial court's order *allowing* him to continue his nonconforming use for parking or storing vehicles, if he timely submitted a NCUP, as an order requiring that he apply for a permit. Because the trial court did not require Holder to file a NCUP application, we do not address this claim.

HOUGHTON, C.J., and QUINN-BRINTNALL, J., concur.