249 P.3d 666 (2011)
Thomas BROTHERTON and Cassandra Brotherton, and their marital community, Appellants,
v.
JEFFERSON COUNTY, a political subdivision of the State of Washington, Respondents.
No. 40108-8-II.
Court of Appeals of Washington, Division 2.
March 15, 2011.
Thomas Brotherton (Appearing Pro Se), Cassandra Brotherton (Appearing Pro Se), Quilcene, WA, for Appellants.
David W. Alvarez, Jefferson Co. Pros. Aty., Port Townsend, WA, for Respondents.
Dorothy Harris Jaffe, Attorney General's Office, Olympia, WA, amicus counsel for Washington State Department of Health.
ARMSTRONG, J.
¶ 1 Thomas and Cassandra Brotherton challenge Jefferson County's (County) denial of their request for a waiver from state and local sewage system regulations, arguing that the local ordinance governing waivers, Jefferson County Code 8.15.165(JCC), conflicts with state law and is unconstitutionally vague. The County argues that the Brothertons' complaint is untimely under either the Land Use Petition Act (LUPA), chapter 36.70C RCW, or the Declaratory Judgments Act, chapter 7.24 RCW, and that the ordinance is valid. We hold that the Brothertons' complaint is untimely under LUPA.

*667 FACTS
¶ 2 The Brothertons own a home on six acres of land in Jefferson County. In order to accommodate overnight guests, the Brothertons purchased a park model recreational vehicle (RV) for their property.[1] The Brothertons installed a holding tank to collect wastewater generated from the RV.
¶ 3 State health regulations prohibit the use of holding tank sewage systems for residential purposes.[2] WAC 246-272A-0240(1). A local health officer may grant a waiver from this prohibition if the officer evaluates the waiver request "on an individual, site-by-site basis" and "determines that the waiver is consistent with the standards in, and the intent of, the state board of health rules." RCW 70.05.072(2)-(3); WAC 246-272A-0420. The Jefferson County Code adds additional criteria, providing the local health officer may grant a waiver if "special circumstances exist that are not of the applicant's making" or "an unnecessary hardship will occur without the waiver." JCC 8.15.165(2)(a).
¶ 4 In October 2008, the County informed the Brothertons that the holding tank on their property violated state and local sewage system regulations and ordered them to correct the violation. The Brothertons applied for a waiver and the Jefferson County health officer denied their request, explaining:
What is lacking in your application is a compelling rationale for granting a waiver of this type when available evidence suggests your property will support an on-site sewage system that is fully compliant with state and local on-site regulations. Such a system would involve either an expansion of your current on-site sewage system to allow the additional input of wastewater from the RV dwelling or construction of a new system to exclusively handle wastewater discharges from the RV dwelling unit.
Clerk's Papers at 207. The Brothertons appealed the denial of their waiver request to the Jefferson County Board of Health (Board) and the Board affirmed the denial in May 2009.
¶ 5 In August 2009, the Brothertons filed a complaint for wrongful government conduct in Jefferson County Superior Court, arguing (1) chapter 8.15 JCC is invalid because the County failed to follow procedures required by the Administrative Procedure Act (APA), chapter 34.05 RCW, when enacting the chapter; (2) JCC 8.15.165 is invalid because it conflicts with state law; and (3) JCC 8.15.165 unlawfully discriminates between residential and commercial property owners. The Brothertons asked the trial court to void chapter 8.15 JCC and order the County to re-review their waiver request and grant it if it meets the state waiver criteria. The County argued that the Brothertons' complaint was essentially an untimely request for declaratory relief and that JCC 8.15.165 is a valid ordinance. Both parties moved for summary judgment on these issues and the trial court granted the County's motion.

ANALYSIS
¶ 6 The Brothertons maintain that JCC 8.15.165 unlawfully conflicts with state law because it is more restrictive than the state waiver statute. They also argue, for the first time on appeal, that the ordinance is unconstitutionally vague. They do not renew their APA or discrimination arguments.
¶ 7 The County argues, for the first time on appeal, that the Brothertons' challenge to the validity of JCC 8.15.165 is untimely under LUPA. The Brothertons contend that they are not challenging a land use decision; rather, the only issue before this court is whether JCC 8.15.165 is a valid ordinance. The County responds that if the Brothertons are merely challenging the validity of JCC 8.15.165, their challenge is essentially an untimely request for declaratory relief. The County also argues that the ordinance does *668 not conflict with state law and is not unconstitutionally vague

I. LUPA
¶ 8 We first consider whether the Brothertons' complaint is untimely under LUPA. Although the County did not raise this issue in its summary judgment motion, LUPA provides "the exclusive means of judicial review of land use decisions." RCW 36.70C.030(1). Parties may raise issues concerning jurisdiction for the first time on appeal. RAP 2.5(a)(1).
¶ 9 LUPA's stated purpose is "timely judicial review." RCW 36.70C.010; Habitat Watch v. Skagit County, 155 Wash.2d 397, 406, 120 P.3d 56 (2005). LUPA "establishes a uniform 21-day deadline for appealing the final decisions of local land use authorities and is intended to prevent parties from delaying judicial review at the conclusion of the local administrative process." Habitat Watch, 155 Wash.2d at 406, 120 P.3d 56; RCW 36.70C.040(3). Land use decisions become unreviewable if not appealed to a superior court within LUPA's specified timeline. Habitat Watch, 155 Wash.2d at 406-07, 120 P.3d 56; RCW 36.70C.040(2) ("A land use petition is barred, and the court may not grant review, unless the petition is timely filed...."). "[E]ven illegal decisions must be challenged in a timely, appropriate manner." Habitat Watch, 155 Wash.2d at 407, 120 P.3d 56 (citing Pierce v. King County, 62 Wash.2d 324, 334, 382 P.2d 628 (1963)).
¶ 10 For example, in Holder v. City of Vancouver, 136 Wash.App. 104, 105-06, 147 P.3d 641 (2006), a property owner appealed a local hearing examiner's determination that he had violated the city municipal code by parking and storing vehicles on unimproved surfaces. The property owner filed a timely LUPA appeal and then expressly abandoned his LUPA claim in superior court and on appeal. Holder, 136 Wash.App. at 105-06, 147 P.3d 641. Because all of the property owner's arguments arose directly from the hearing examiner's land use decision, and LUPA is the exclusive means for reviewing such decisions, we declined to review his arguments. Holder, 136 Wash.App. at 107-08, 147 P.3d 641.
¶ 11 The Brothertons argue that LUPA does not apply because the County's denial of their waiver request was not a land use decision. LUPA broadly defines "land use decision" to include:
[A] final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals, on .... [t]he enforcement by a local jurisdiction of ordinances regulating the improvement, development, modification, maintenance, or use of real property.
RCW 36.70C.020(1)(c). Here, the Jefferson County Board of Health affirmed the local health officer's denial of the Brothertons' request for a waiver from regulations governing the installation, maintenance, and use of sewage systems on real property. In other words, the Board's denial of the Brothertons' waiver request was the County's final determination on the enforcement of ordinances regulating the use of real property and was, therefore, a "land use decision" within the meaning of LUPA. RCW 36.70C.020(1)(c).
¶ 12 The Brothertons also argue that LUPA does not apply because they are challenging only the constitutionality of JCC 8.15.165, not the validity of the County's land use decision. But their complaint sought to reverse the County's denial of their waiver request and require the County to re-review their request under state law. The Brothertons' requested relief demonstrates that they are ultimately challenging the County's land use decision. Like the plaintiff in Holder, the Brothertons' arguments arise directly from the County's final land use decision. Accordingly, LUPA applies. Holder, 136 Wash.App. at 107-08, 147 P.3d 641.
¶ 13 Because the Brothertons' complaint did not invoke LUPA or comply with the strict 21-day deadline for appealing final land use decisions, the County's decision has become unreviewable. RCW 36.70C.040(2),(3); Habitat Watch, 155 Wash.2d at 406-07, 120 P.3d 56. Although the Brothertons allege the County relied on an invalid ordinance when denying their waiver request, even illegal land use decisions *669 must be challenged in a timely and appropriate manner. RCW 36.70C.040(2); Habitat Watch, 155 Wash.2d at 407, 120 P.3d 56. Accordingly, we decline to review the Brothertons' arguments regarding the validity of JCC 8.15.165 and affirm the trial court's summary judgment order.

II. Attorney Fees
¶ 14 The Brothertons request attorney fees and costs. Because they do not prevail on appeal, we deny their request. The County also requests attorney fees and costs under RCW 4.84.370(1), which provides:
[R]easonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision.
We have held that a party does not "substantially prevail" under RCW 4.84.370(1) if the case is dismissed on procedural grounds rather than being resolved on the merits. Quality Rock Prods. Inc. v. Thurston County, 126 Wash.App. 250, 275, 108 P.3d 805 (2005); Witt v. Port of Olympia, 126 Wash. App. 752, 759-60, 109 P.3d 489 (2005); Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 601, 972 P.2d 470 (1999). Because we dismiss this case as untimely, rather than addressing the merits of the parties' arguments, we also deny the County's request for attorney fees under RCW 4.84.370.
¶ 15 Affirmed.
We concur: PENOYAR, C.J., and QUINN-BRINTNALL, J.
NOTES
[1] Park model RVs are manufactured dwellings designed to be towed to sites such as mobile home parks to serve as full or part-time residences. Unlike other RVs, they lack self-contained holding tanks and require a sewer connection or external method of waste disposal.
[2] WAC 246-272A-0240(2) provides three exceptions to this rule: (1) part-time commercial use, such as recreational vehicle parks; (2) emergency situations; and (3) short-term use while repairing on-site sewage systems. The parties agree that none of these exceptions apply here.