IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MIDTOWN LIMITED PARTNERSHIP, a Washington limited partnership; and FATHOM PROPERTIES, LLC, a Washington limited liability company, | No. 83681-1-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| THOMAS F. BANGASSER, a married individual; and AFRICATOWN COMMUNITY LAND TRUST, a Washington nonprofit corporation, | |
| Appellants. | |

PER CURIAM — Pro se appellant Thomas Bangasser appeals a trial court order that resolved an interpleader action by determining that he is the owner of interpleaded funds and ordering disbursement of those funds to him.  None of the claims Bangasser raises on appeal relate to the order before us on review.  Instead, he asserts claims we rejected in a prior appeal of trial court orders that resolved partnership disputes between Bangasser, MidTown Limited Partnership (MidTown), and its other limited partners, all of whom are Bangasser's siblings or entities owned by them.  See MidTown Ltd. P'ship v. Bangasser, No. 78998-8-I, (Wash. Ct. App. May 4, 2020) (MidTown I), (unpublished), https://www.courts.wa.gov/opinions/pdf/789988.pdf, review denied, 196 Wn.2d 1025,

Citations and pincites are based on the Westlaw online version of the cited material

476 P.3d 578 (2020). Our decision in the prior appeal is controlling. We therefore affirm and award attorney fees.

FACTS AND ANALYSIS

The background facts are set forth in detail in MidTown I and in several related prior appeals; we repeat them only as relevant here.[1] After the sale of MidTown's primary asset, MidTown and its general partner filed this interpleader action against Bangasser and Aftricatown Community Land Trust to determine the proper recipient for a partial distribution of sale proceeds because Bangasser's earlier statements raised concerns about the true ownership of some of his partnership units. After Africatown filed an answer disclaiming ownership, the plaintiffs sought to voluntarily dismiss their claim to the funds allocated to Bangasser and deposited in the court registry and asked the court to direct disbursement of the funds to Bangasser. Ultimately, in January 2022, the trial court entered an order resolving the interpleader action by (1) voluntarily dismissing the plaintiffs' claim to lien or execute on the registry funds, (2) declaring Bangasser the "sole owner" of the funds, (3) directing the clerk of the court to disburse the funds and accrued interest to Bangasser, and (4) dismissing the lawsuit, without an award of attorney fees to any party.

---

[1] In addition to MidTown I, several appeals decided by this court arose directly or indirectly from the partnership dispute between Bangasser, MidTown, and other parties. See Bangasser v. MidTown Ltd. P'ship, No. 75226-0-I, (Wash. Ct. App. Apr. 24, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/752260.pdf; Hall v. Bangasser, No. 76077-7-1, (Wash. Ct. App. Jan. 16, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/760777.pdf; Bangasser v. Bangasser, No. 77398-4-I, (Wash. Ct. App. Jan. 14, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/773984.pdf; Bangasser v. Bangasser, No. 78595-8-I, (Wash. Ct. App. Oct. 14, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/785958.pdf.

Bangasser appeals from this order, but asserts claims of error that relate only to the prior lawsuit that resolved the partnership disputes between himself, MidTown, and other limited partners. In particular, Bangasser claims the trial court erred in (1) failing to grant a demand for arbitration, (2) failing to join all necessary parties, (3) allowing plaintiffs' counsel to remain on the case despite a conflict of interest, and (4) entering partial summary judgment orders and a final order that awards excessive attorney fees. We addressed and rejected each of these claims in MidTown I, and upheld the final trial court orders in the partnership lawsuit. MidTown I, slip op. at 5-13.

Under the law of the case doctrine, an appellate court will generally refuse to consider issues that were decided in a prior appeal. See Folsom v. County of Spokane, 111 Wn.2d 256, 263-64, 759 P.2d 1196 (1988). Res judicata bars the relitigation of claims that were litigated or could have been litigated in a prior action. Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995). Both doctrines serve the goal of avoiding indefinite relitigation of the same issues and ensuring the finality of judgments. See Spokane Rsch. & Def. Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005). Bangasser fails to acknowledge these principles, much less establish a basis to avoid them. Under the law of the case, we decline to revisit Bangasser's claims.[2]

---

[2] Even if Bangasser raised different substantive claims, the deficiencies in his briefing would preclude review. A pro se litigant must follow the same rules of procedure and substantive law as a licensed attorney. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). Specifically, an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Bangasser provides no citations to the record, extensively discusses facts that do not appear to be

The respondents request an award of attorney fees, asserting that Bangasser's appeal is frivolous. <u>See</u> RAP 18.9(a). An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." <u>In re Marriage of Foley</u>, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).

That standard is satisfied here, because as explained, Bangasser raises no issues implicated by the interpleader order from which he appeals. Bangasser's appeal is simply a second attempt to raise the arguments we unambiguously rejected in <u>MidTown I</u>. Bangasser neither acknowledges our rejection of his claims in <u>MidTown I</u> nor attempts to address the analysis of those claims. Respondents are awarded attorney fees on appeal subject to compliance with RAP 18.1(d).

Affirmed.

_Chung, J._

_Díaz, J._

_Dwyer, J._

---

in the record, fails to identify any standard of review, and largely fails to provide relevant legal authority to support his arguments.