IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CARLLENE M. PLACIDE-EDWARDS, | No. 83206-9-I |
| Appellant, | |
| v. | DIVISION ONE |
| REGINALD G. EDWARDS, | UNPUBLISHED OPINION |
| Respondent. | |

PER CURIAM — Pro se appellant Carllene Placide-Edwards appeals the superior court's order denying revision of a commissioner's order on a post-judgment motion to enforce a dissolution decree. She challenges (1) the determination of the monthly payment for the automobile insurance premium that the parties agreed to share, and (2) the award of attorney fees to her former spouse, Reginald Edwards. Because the appellant fails to demonstrate any error in the order on review, we affirm.

FACTS

In a CR 2A agreement incorporated in the parties' March 2021 dissolution decree, the parties agreed to equally share the cost of their child's automobile insurance premium.

On April 20, 2021, less than two months after entry of the dissolution decree, Carllene, representing herself, filed an "Emergency Motion" to enforce

Citations and pin cites are based on the Westlaw online version of the cited material.

the decree, for sanctions, and other relief.[1]  Carllene claimed that Reginald refused to pay his share of the parties' joint insurance obligation, that his 50 percent share was $145.66 per month, and he owed $291.32, representing two months' of his share of the payment.  Based on the alleged delinquency, Carllene informed the court that she withheld $5,000 from the property transfer payment she was obligated to make in exchange for the quit claim deed Reginald agreed to execute to convey the family home to her.  Carllene requested that the court require Reginald to pay 18 months' of insurance premium payments in advance ($2,621.88) and proposed deducting that amount from the property transfer payment.  She also requested sanctions against Reginald for his "willful disregard" of the dissolution decree.  Among the documents supporting her motion, Carllene supplied copies of March 22, 2021 e-mail correspondence between Reginald and Anna Gincherman, an insurance broker.  In response to an inquiry from Reginald about the amount of the insurance payment, Gincherman informed him that for February 2021, half of the monthly premium was $124.16, and thereafter his share would be $145.66.

Represented by counsel, Reginald responded to Carllene's motion in May 2021, asserting that he had, in fact, made payments toward the insurance after confirming the amount.  He requested an award of fees, arguing that Carllene's motion was frivolous and brought in bad faith.  Reginald also submitted copies of correspondence with Gincherman, including her response to his April 20, 2021 inquiry informing him that the annual premium amount is $1,759, corresponding

---

[1] We refer to the parties by their first names for clarity.

2

to a monthly payment of $150.[2]  Reginald provided documentation of payments

for insurance of $124 in April 2021 and $75 in May 2021.  Counsel provided an

affidavit to support the request for attorney fees.

In reply, Carllene maintained that each parties' share of the monthly

premium is $146, not $75, and provided a "Vehicle Detail Premium Update" from

the insurance company to support her claim.  The document states an effective

date of March 28, 2021, a one-year policy period from that date, and indicates a

"coverage premium" of $3,496 for the 2006 vehicle the parties had agreed that

the child would drive.  The document indicates that two vehicles are covered by

the policy, with a total premium amount of $6,556 and applies certain

adjustments/refunds.  It lists a total "Net Premium" of $2,736 in the column for the

2006 vehicle.

After a hearing, a superior court commissioner entered a written order that

provides, in relevant part:

> As of the time of the hearing, the parties still dispute the cost of the
> child's insurance.  The Agreement provides the Respondent is
> responsible for half of the child's insurance only.  The Court
> acknowledges it is without the ability to pro rate costs and neither
> party has provided that information.  It appears from the
> correspondence, the child was originally on the Petitioner's policy
> and as of April 20, 2021, the child is on her own policy at a cost of
> $1,759.00 per year.  The Respondent is responsible for two
> payments of $124.16 (February to March and March to April) and
> $75.00 per month thereafter (dependent on changes to the cost of
> insurance).  The Respondent paid $124.00 on March 31, 2021 and
> appears to be current on the current policy.
>
> The Court is concerned regarding the communication and litigation
> over what appears to be $124.32.  Both parties requested sanctions

---

[2] The quoted monthly payment was apparently an approximate amount since $1,759 divided by 12 is $146.58.

for what appears to be a relatively simple issue to resolve. The record indicates the Respondent sought clarification of insurance costs and paid in accordance with information received. The record does not indicate the Petitioner made any attempts to resolve the issue but she did set out demands and increase litigation. Additionally, because the Petitioner previously noted the motion incorrectly, the Respondent incurred additional fees. As a result, the Court finds an award of attorneys fees to the Respondent is appropriate. The Court awards Mr. Edwards $1,120.00 (half the cost of fees incurred) in attorneys fees which shall be reduced by the $124.32 still owing for insurance. A judgment for $995.68 shall enter if fees are not paid within ten days of this order.

Carllene filed a motion for reconsideration, asserting that the amount of the monthly insurance premium is $291 ($146 per parent), based on the insurance document she submitted to the commissioner in support of her reply. She also challenged the award of attorney fees, relying on copies of text messages to argue that she attempted to resolve the dispute outside of litigation and explaining the circumstances of her initial failure to note the motion correctly. The commissioner denied the motion.

Carllene raised the same arguments in a motion to revise the commissioner's order. After reviewing "all of the pleadings" and listening to the recording of the hearing before the commissioner, the superior court denied revision. The court's order provides:

The undersigned agrees with the reasoning in Commissioner Johnson Taylor's written ruling, specifically the finding that "the parties still dispute the cost of the child's insurance". The Commissioner correctly decided that the insurance costs were approximately $150 per month based on the information in the record. The award of attorneys fees was appropriate.

4

Carllene sought reconsideration and the superior court denied that motion as well. Carllene appeals.[3]

DISCUSSION

As below, Carllene challenges the determination of the parties' insurance obligation and the award of attorney fees to Reginald.[4]

While Carllene's arguments on appeal focus on the commissioner's decision, "[w]hen an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's." In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). "[T]he revision court has full jurisdiction over the case and is authorized to determine its own facts based on the record before the commissioner." In re Marriage of Dodd, 120 Wn. App. 638, 644, 86 P.3d 801 (2004). When the superior court simply denies revision of a commissioner's decision, this generally "constitutes an adoption of the commissioner's decision." Williams, 156 Wn. App. at 27-28.

The court on revision agreed with the commissioner's reasoning, emphasized the dispute and conflicting evidence as to the amount of the

---

[3] Reginald has not filed a brief in response to Carllene's appeal.

[4] A pro se litigant must follow the same rules of procedure and substantive law as a licensed attorney. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). Specifically, an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Carllene's briefing fails to comply with the rules in several respects. She provides no legal authority to support her argument, fails to identify or apply the standard of review, and describes documents in the records without reference to the clerk's papers. Nevertheless, insofar as the deficiencies in the briefing do not prevent us from doing so, we address the merits of her claims.

obligation, but nevertheless found that evidence in the record supports the determination that the monthly premium is approximately $150.

Substantial evidence must support findings of fact. In re Marriage of Wilson, 165 Wn. App. 333, 340, 267 P.3d 485 (2011). "Substantial evidence supports a factual determination if the record contains sufficient evidence to persuade a fair-minded, rational person of the truth of that determination." Spreen v. Spreen, 107 Wn. App. 341, 346, 28 P.3d 769 (2001). We will not disturb decisions or findings made by the trial court when they fall within the scope of the evidence presented. In re Marriage of Mathews, 70 Wn. App. 116, 122, 853 P.2d 462 (1993).

The evidence supports the superior court's findings. Carllene insists that the record definitively establishes that the annual premium is $3,496, consistent with information Gincherman provided to Reginald on March 22, 2021, and arguably consistent with the "Vehicle Detail Premium Update." But the insurance document is ambiguous and she fails to acknowledge that the record includes evidence of different figures. In particular, Reginald provided evidence that Gincherman informed him on April 20, 2021, a month after the correspondence provided by Carllene, that the annual premium was $1,759, corresponding to a monthly total of approximately $150.

As to the award of attorney fees, Carllene claims (1) the evidence shows that she communicated with Reginald, and therefore made efforts to resolve the dispute out of court, and (2) she was unfairly penalized for improperly noting her motion to enforce the decree in light of technical problems beyond her control,

the failure of court staff to properly advise her, and a lack of clarity as to the rules and procedures for noting her motion.

Courts have "continuing equitable jurisdiction" in family law matters that allows them "to grant whatever relief the facts warrant." In re Marriage of Farmer, 172 Wn.2d 616, 625, 259 P.3d 256 (2011). The court's equitable power includes the power to sanction a party for intransigent conduct such as obstruction, delay tactics, or any action that makes the proceedings unduly difficult and costly. In re Marriage of Bobbitt, 135 Wn. App. 8, 30, 144 P.3d 306 (2006); In re Marriage of Foley, 84 Wn. App. 839, 846, 930 P.2d 929 (1997); In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992).

A party challenging an attorney fee award in a family law proceeding must demonstrate that the trial court abused its discretion. In re Marriage of Burrill, 113 Wn. App. 863, 873, 56 P.3d 993 (2002). An attorney fee award amounts to an abuse of discretion when the court's decision is outside the range of acceptable choices or based on untenable grounds or untenable reasons. Bobbitt, 135 Wn. App. at 29-30.

Carllene's challenge relates to the factual basis for the court's decision. Here again, the revision court expressly agreed with the commissioner's reasoning and found that the award of fees was appropriate. Although Carllene has a different view of the evidence, we cannot say that the court abused its discretion in concluding there was a legitimate basis for a dispute and further inquiry into the amount of the parties' insurance obligation for the minor child. And the evidence in the record does not show that Carllene made a genuine

7

effort to resolve that dispute before filing an emergency motion, requesting sanctions, and taking measures into her own hands by withholding a portion of the property transfer payment. The record supports the court's concern about the tenor of Carllene's communications and resort to litigation within two months of entry of the decree, in light of the amount at issue and the confusing and conflicting information provided by the insurance brokers. Regardless of whether Carllene was at fault for twice having to re-note her motion, the record also supports the court's determination the Carllene's conduct increased the cost of resolving the conflict. There was a tenable basis for the award of attorney fees.

Affirmed.

Díaz, J.

Chung, J.

Dwyer, J.