IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NEGIN EBADI,<br><br>      Respondent,<br><br>    v.<br><br>SAEED PIROOZFAR,<br><br>      Appellant. | No. 85073-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAz, J. — In 2020, Negin Ebadi obtained a Domestic Violence Protection Order (DVPO) for herself and her two children against her then-husband, Saeed Piroozfar. They divorced in 2021. Piroozfar now appeals the parenting plan entered as part of the divorce, arguing that the trial court made improper evidentiary rulings, mishandled the trial, and wrongly entered a restraining order as part of the parenting plan, which was based partly on the unappealed findings underlying the earlier DVPO. Finding no error, we affirm.

## I.  BACKGROUND

Ebadi and Piroozfar were first married in 2001, in Tehran, Iran. They separated for almost three years, and then remarried in 2013, also in Tehran. They eventually moved to Washington. They have two sons together, one approximately 13 years old and the other approximately five years old.

The couple separated on October 20, 2020. Ebadi filed for an order of protection, which was granted in March 2021 and which restrained Piroozfar from having contact with her or their children for one year. The DVPO was renewed on March 28, 2022. Piroozfar did not appeal either decision.

Ebadi filed a petition for divorce and for a parenting plan in April 2021. On May 10, 2022, the parties proceeded to trial in King County Superior Court. Both parties had Farsi interpreters. Ebadi was represented by counsel. Piroozfar appeared pro se.

Ebadi moved in limine to exclude all documents Piroozfar placed on his exhibit list because he did not meet the pretrial deadlines and because some of his exhibits violated ER 408, which prohibits the admission of evidence of conduct or statements made in compromise negotiations. ER 408. The court granted the motion to the extent a document implicated ER 408, and reserved ruling on the remaining exhibits indicating it would "use a balancing test," by which it meant he would "determine if [an untimely document's admission] create[d] a prejudice to the party requesting its exclusion."

In its ultimate oral ruling, the court noted that a significant focus of the trial was on the DVPO from 2021, which was renewed in March 2022. Ebadi had requested that the court grant an indefinite no-contact order. The court found that it was required to consider the request under RCW 26.09.191, and that the facts underlying the existing DVPO constituted the law of the case. "Because there was no appeal, the Court has to give weight to the protection order."

2

Following trial, on May 19, 2022, the court (1) entered findings of fact and conclusions of law; (2) adopted Ebadi's proposed parenting plan—including a restraining order (with some revisions) and other limitations on Piroozfar's parenting pursuant to RCW 26.09.191; and (3) issued a final divorce order.

As to the restraining order, the court, who had heard Ebadi's related testimony, "adopt[ed] the findings and conclusions of the DVPO," in finding that Piroozfar committed acts of domestic violence against the mother and in the presence of the children. As to the restrictions, the court ordered that Piroozfar have no contact with the children until he complied with the requirements of the DVPO.

Piroozfar now appeals the "Parenting Plan and Protection Order entered on 5/19/2022."

## II.    ANALYSIS

In Washington, "the best interests of the child shall be the standard by which the court determines and allocates the parties' parental responsibilities." RCW 26.09.002. In developing and ordering a permanent parenting plan, the court exercises broad discretion. In re Marriage of Kovacs, 121 Wn.2d 795, 801, 854 P.2d 629 (1993). We review the parenting plan ultimately adopted by the court for an abuse of discretion. Id. A trial court abuses its discretion when a decision is manifestly unreasonable or based on untenable grounds or reasons. Id.

In addition to a trial court's parenting plan being reviewed for an abuse of discretion, "[t]he trial court's findings of fact are treated as verities on appeal, so long as they are supported by substantial evidence." In re Marriage of Chandola,

180 Wn.2d 632, 642, 327 P.3d 644 (2014).  Substantial evidence is that which is sufficient to persuade a fair-minded person of the truth of the matter asserted.  Id.

RCW 26.09.191 allows limiting a parent's time with their child if a parent engages in, among other things, a history of acts of domestic violence (as defined in RCW 7.105.010).  RCW 26.09.191(2)(a).

Pro se litigants are bound by the same rules of procedure and substantive law as licensed attorneys.  Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006).  An appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."  RAP 10.3(a)(6).  "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties."  Clark County v. W. Wash. Growth Mgmt. Hr'gs Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a); RAP 10.3(a), (g); RAP 12.1)).  However, we liberally interpret our Rules of Appellate Procedure "to promote justice and facilitate the decision of cases on the merits."  RAP 1.2(a).

A.    Evidentiary Challenges[1]

Piroozfar assigns error to the court's failure to admit three categories of documents, which he referenced during his testimony.

1.  Photos of cosmetics and of Ebadi's face

---

[1] As an exhibit to his opening brief, Piroozfar offered a report from CPS from November 2022.  However, an appellate court generally will not review an "issue, theory, argument, or claim of error not presented at the trial court level."  Lindblad v. Boeing Co., 108 Wn. App. 198, 207, 31 P.3d 1 (2001); RAP 2.5(a).  Piroozfar does not explain why we should consider this newly presented evidence despite this rule. We decline to do so here.

Piroozfar argues the trial court erred by not "accepting" his proposed exhibit number 108, photos of Ebadi's cosmetics, which he claims she "used to take photos of her bruised face" and which were "expired." When reviewed in the context of his trial testimony, it appears that Piroozfar believes that Ebadi used makeup to create the appearance of bruises. As he stated at trial, "the four pictures she has sent in are objectionable; and this is all makeup." And he appears to claim that his picture of her various cosmetics proved his point.

Similarly, Piroozfar assigned error to the court's refusal "to accept exhibition photos of [his] cellphone photos," in his proposed exhibit number 107, which showed "her face with no bruises."

This claim fails for three reasons. First, the court here issued a tentative ruling on the admissibility of all documents Piroozfar placed on his exhibit list, and only excluded the evidence that implicated ER 408. Piroozfar then did not request a final ruling on the admissibility of these exhibits. "A defendant who does not seek a final ruling on a motion in limine after a court issues a tentative ruling waives any objection to the exclusion of the evidence." State v. Riker, 123 Wn.2d 351, 369, 869 P.2d 43 (1994); see also State v. Carlson, 61 Wn. App. 865, 875, 812 P.2d 536 (1991) (holding it is a "rule that, when a ruling on a motion in limine is tentative, any error in admitting or excluding evidence is waived . . .").

Second, Piroozfar did not actually offer his proposed exhibits into evidence during trial. Although he *discussed* his proposed exhibits during his testimony, Piroozfar did not move to admit, offer, or make any type of request to admit the photographs into evidence. A party must move the court to admit their exhibit and,

when the motion is denied and the evidence excluded, a party generally must make an offer of proof. ER 103(a)(2); see also 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 103.18 (6th ed. 2016) ("In addition, to preserve an error in the exclusion of evidence, the party seeking to offer the evidence should make an offer of proof.").

This is not an overly formalistic requirement because "ER 103(a)(2) does not specify the procedure which must be followed or allowed in making an offer of proof." Thor v. McDearmid, 63 Wn. App. 193, 204, 817 P.2d 1380 (1991). But it is also not a meaningless requirement because an offer of proof performs three important functions: "it informs the court of the legal theory under which the offered evidence is admissible; it informs the judge of the specific nature of the offered evidence so that the court can assess its admissibility; and it creates a record adequate for review." Id.

Here, Piroozfar discussed the contents of the exhibits, but he did not explain the exhibits's evidentiary purpose or why these undated pictures were authentic or reliable, and thereby he did not create an adequate record which this court could examine on appeal. This "substantive" information was not apparent from the record and, thus, these exhibits were properly excluded. ER 103(a)(2); Thor, 63 Wn. App. at 204. And, although Piroozfar represented himself, we hold him to the standard of a practicing attorney. Holder, 136 Wn. App. at 106.

Finally, even if we were to apply this principal liberally and hold he preserved this issue for appeal, a trial court has broad discretion to determine the admissibility of evidence and to weigh it accordingly. Kovacs, 121 Wn.2d at 801.

6

A court's decision is unreasonable if, among other grounds, it is based on untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362, (1997) (superseded by statute on other grounds). Without an explanation of the substance of the evidence, the trial court did not abuse its discretion in excluding.

2. USCIS report

Piroozfar contends the trial court erred by refusing to admit his immigration files. Piroozfar argues that the documents explain his refugee status and why he terminated his first marriage from Ebadi. This claim fails for two reasons.

First, Piroozfar made no showing of why his immigration status is relevant or of the relevancy of the reasons for his first divorce from Ebadi, when the petition at issue regards his second marriage. It is not an abuse of discretion to decline to admit what appears to be irrelevant evidence. ER 402 ("Evidence which is not relevant is not admissible").

Second, Piroozfar acknowledges that he excised 90 of the 125 pages of the immigration files and otherwise altered the documents "for ease of reading by the trial court." Again, Piroozfar, even as a pro se appellant, is held to the same standard as a practicing attorney. Holder, 136 Wn. App. at 106. The court explained that principle and the following to him when it made its ruling, namely, that "the parties cannot alter exhibits." Indeed, ER 1003 permits the admission of duplicate documents unless "it would be unfair to admit the duplicate in lieu of the original." See, e.g., Amoco Production Co. v. United States, 619 F.2d 1383, 1391 (10th Cir. 1980) (excluding a duplicate because a portion of the original was "not

7

completely reproduced"). Here, the court applied the rules of evidence to Piroozfar as it would an attorney and, thus, its decision was reasonable and not error.

### 3. Financial documents

Piroozfar referenced, again without formally offering, financial documents to support his claim that Ebadi made false statements regarding her finances. At trial, counsel for Ebadi objected, arguing that the financial records were related to their prior divorce settlement, and thus protected by ER 408. Counsel also noted Piroozfar submitted the documents late, in violation of Local Court Rule 26. The court agreed that it could not consider the records.

The trial court was correct, as it reminded Piroozfar multiple times that it "cannot consider discussions of settlement negotiations." ER 408. The trial court was also correct in finding that his additional "concern" was the "timeliness of the documents." As such, the trial court did not abuse its discretion by excluding the financial records offered by Piroozfar as both excludable under ER 408 and in violation of the scheduling order.

### B.     Challenges as to How the Trial was Conducted

The court began the proceedings by asking the parties to confirm that the trial was estimated to last one day, with approximately two hours and fifteen minutes granted to each side. Piroozfar now complains about how the case was conducted generally and specifically that his case required "more time for a fair judgment." He argues that he did not have enough time to state his case because the time it took for the Farsi interpreters to translate reduced the necessary duration. Otherwise, he simply avers that the time limitations "led to the wrong

8

direction of the case and the preservation of the court's verdict without any real substantiated evidence."

Again, appellate courts liberally construe the rules of appellate procedure to promote justice and facilitate the decision of cases on the merits. RAP 1.2(a). However, even construing his clams liberally, Piroozfar does not explain how more time would have changed the outcome of the proceeding. "It is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit." Port Susan Chapel of the Woods v. Port Susan Camping Club, 50 Wn. App. 176, 188, 746 P.2d 816 (1987).

Even if Piroozfar had adequately explained why he might have needed more time to fully argue his own case, such trial management decisions fall within the broad discretion of the trial judge. ER 611(a) ("The court shall exercise reasonable control over the [presentation of] evidence so as to [ensure] the ascertainment of the truth [and to] avoid needless consumption of time . . ."). "'Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" In re the Parentage of T.W.J., 193 Wn. App. 1, 6, 367 P.3d 607 (2016) (quoting State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). We find no such error in the manner in which the court limited the length of the trial, and, thus, we conclude the trial court did not abuse its discretion.

C.     Restraining Order in the Parenting Plan

9

The only complaint Piroozfar makes as to the parenting plan itself relates to the restraining order therein. Specifically, Piroozfar assigned error to the entry of the restraining order because Ebadi "never stated in her divorce petition documents that she require[d] a protection order during the pre-trial court hearing date."

Again, in developing a parenting plan, the court exercises broad discretion, which we review for abuse of discretion. Kovacs, 121 Wn.2d at 801.

As a preliminary matter, what Ebadi stated in the divorce petition is not relevant to determine issues of fact at the subsequent trial. At trial, she testified to specific incidents including that Piroozfar was physically abusive toward her in the presence of their children. Such testimony provides tenable grounds for the decision to enter a restraining order, regardless of what the initial DVPO contained.[2] The rules of evidence do not apply in DVPO proceedings. Smith v. Smith, 1 Wn. App. 2d 122, 132, 404 P.3d 101 (2017) (citing ER 1101(c)(4)). However, they do apply at trial. ER 1101(a). And at trial Ebadi testified to her personal recollections of abuse.

---

[2] Though the trial court noted that it was expressly incorporating the findings underlying the existing (and unappealed) DVPO, it did so in the context of having heard testimony of similar facts at trial that supported the decision to enter a restraining order. This is different than simply relying on the "law of the case", despite the trial court's reference to such a doctrine that is not applicable here. See Cowan v. Cowan, No. 83082-1-I, slip op. at 862 fn 8 (Wash. Ct. App. Aug. 28, 2023), https://www.courts.wa.gov/opinions/pdf/830821.pdf, (explaining the term "law of the case" means different things in different circumstances: first, it refers to the effect of jury instructions in a trial; second, it refers to the binding effect of appellate determinations on remand; third, it refers to the principle that an appellate court will generally not reconsider the rules of law it announced in a prior determination of the same case). Notably, Piroozfar did not object to the trial court incorporating the findings.

Thus, the trial court did not base its decision on any unreasonable facts or inferences. Rather, it properly weighed the facts in favor of prevailing party below (Ebadi), which constitute substantial evidence to support the necessity of imposing a restraining order. Chandola, 180 Wn.2d at 642 (substantial evidence is that which is sufficient to persuade a fair-minded person of the truth of the matter asserted).

III.     CONCLUSION

We affirm the superior court.

Díaz, J.

WE CONCUR:

Coburn, J.                                    Mann, J.