# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JODY ANN GROPP, | No. 58983-4-II |
| Appellant, | |
| v. | |
| CHRISTOPHER DAVID STEVENS, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, J.—Jody Gropp sued Dr. Christopher Stevens in February 2023 for injuries allegedly caused by dental work performed between 2014 and 2016. Gropp first realized there was a problem with the work and demanded a refund in 2019, and then she threatened litigation in 2020.

Stevens moved for summary judgment, arguing that the complaint was filed after expiration of the three-year statute of limitations. The trial court granted Stevens' motion and dismissed the case. The trial court also denied reconsideration.

Gropp appeals, arguing that the trial court misapplied the discovery rule and ignored disputed issues of material fact when it dismissed her claims. Gropp also argues that she was deprived of her constitutional right to a jury trial. We disagree and affirm. However, we deny Stevens' request for attorney fees under RAP 18.9(a).

## FACTS

### I. BACKGROUND

Between 2014 and 2016, Stevens performed dental work on Gropp, including crowns, veneers, and root canals. Gropp's veneers were painful and did not heal promptly and she began to experience neurological symptoms in 2016. Gropp confronted Stevens in 2019, asking for a refund for the allegedly faulty dental work so she could "go get it fixed somewhere else." Clerk's Papers (CP) at 94. In June 2020, Gropp called Stevens' office threatening litigation. In September 2020, Gropp retained counsel and sent Stevens a letter stating she anticipated filing a lawsuit due to "severe injuries and damages she received" from Stevens' dental treatment. CP at 151. Gropp also requested copies of her x-rays in 2020 but was told that any records over five years old had been purged.

### II. LITIGATION

Gropp filed a dental malpractice complaint against Stevens in February 2023, alleging that Stevens performed unneeded and incorrect procedures, failed to obtain informed consent, and negligently administered harmful levels of an injectable anesthetic, causing cognitive problems. In her complaint, she asserted that she "first realized a problem in 2019" and that she "obtained professional confirmation of several problems" in 2020. CP at 8.

Stevens moved for summary judgment on statute of limitations grounds. Gropp responded, arguing that her complaint was timely under the discovery rule. Gropp acknowledged that she began experiencing neurological symptoms in 2016 and knew of "'a problem'" in 2019, but she was not yet aware that the problem was caused by malpractice. CP at 43. Instead, she asserted that "Summer 2021 was when [Gropp] learned that toxic levels of [the anesthetic] can cause paralysis

and brain damage," and "January 2022 was when the documents were received conclusively establishing [Stevens'] responsibility" for her injuries. CP at 44.

The trial court denied Stevens' motion without prejudice and discovery followed. After deposing Gropp, Stevens moved again for summary judgment. Stevens attached Gropp's deposition testimony explaining that the allegedly faulty work was performed between 2014 and 2016 and that she confronted Stevens in 2019 asking for a refund.

Gropp responded, requesting "eight years tolling" because she pursued other avenues for relief before filing her complaint. CP at 103. She also filed medical records showing that she complained to the clinic in June and July of 2019 about allegedly faulty veneers and that she called the clinic in June 2020 threatening to file a lawsuit against Stevens.

The trial court heard oral argument, where Gropp repeated that she realized there was "a problem" with her dental work in 2019. Verbatim Rep. of Proc. at 5. The trial court then granted Stevens' motion for summary judgment and dismissed the case. The trial court also denied reconsideration.

Gropp appeals.

## ANALYSIS

### SUMMARY JUDGMENT

Gropp argues that the trial court erred in granting Stevens' summary judgment motion and denying her motion for reconsideration because the trial court failed to properly apply the

discovery rule, ignored the evidence she presented to the court, erroneously concluded there were no disputed material facts, and denied her due process by depriving her of a jury trial. We disagree.[1]

We review summary judgment rulings de novo. *Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 728, 452 P.3d 1205 (2019). We view all facts and take inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

The statute of limitations for medical malpractice is three years after the act or omission that forms the basis for the claim or one year after discovery of the facts giving rise to the claim, whichever is later. RCW 4.16.350(3); *Adcox v. Child.'s Orthopedic Hosp. & Med. Ctr.,* 123 Wn.2d 15, 35, 864 P.2d 921 (1993). Additionally, the limitations period is tolled "upon proof of fraud [or] intentional concealment" until the patient learns of the fraud or concealment, after which the patient has one year to file a complaint. RCW 4.16.350(3). Summary judgment based on the statute of limitations is warranted if "no genuine issue of material fact exists regarding when the statutory period began." *B.R. v. Horsley*, 186 Wn. App. 294, 298, 345 P.3d 836 (2015).

Here, because Gropp did not file her claim within three years after the dental work that forms the basis of her claim, she must have filed no later than one year after she "discovered or reasonably should have discovered that the injury or condition was caused by" the treatment she received from Stevens. RCW 4.16.350(3). Gropp alleged in her complaint, testified at her deposition, and argued at the summary judgment hearing that she discovered a problem with her

---

[1] In Gropp's complaint, she also raised claims of defamation and violation of the Health Insurance Portability and Accountability Act of 1996. Gropp does not argue on appeal that the trial court erred when it dismissed these claims. *See Holder v. City of Vancouver*, 136 Wn. App. 104, 107, 147 P.3d 641 (2006) (We do not consider issues abandoned on appeal.).

dental work and asked Stevens for a refund in 2019. Moreover, Gropp submitted evidence to the trial court showing that she was well aware of the facts underlying the alleged malpractice in June 2019 when she complained about the work. And to the extent Gropp argues that the trial court ignored her medical expert's testimony, the record does not contain any indication that she submitted an expert's declaration or deposition transcript for the court's consideration. Thus, taking Gropp's facts as true and viewing them in the light most favorable to her, the statute of limitations expired by June 2020, one year after the evidence shows she was aware of the facts underlying her malpractice claim.

Additionally, we note that Gropp submitted evidence showing that she was aware of the legal basis for her claim in June 2020 when she threatened to sue Stevens. When applying the discovery rule, our focus is the "factual, as opposed to the legal, basis of the cause of action," but if we *did* consider the date when she was aware of a legal basis for her claim, the statute of limitations would have expired in June 2021. *Adcox*, 123 Wn.2d at 35. Similarly, in her brief to this court, she asserts that she learned of additional essential facts related to her claim in January 2022, but even taking that date at face value, she would have had until January 2023 to file, at the very latest. Yet, it was not until February 2023 that Gropp filed her complaint. Therefore, the undisputed facts show that Gropp filed her complaint after the statute of limitations expired.

In her brief to this court, Gropp alleges that she discovered new evidence in April 2023 showing that Stevens injected her with a toxic amount of an anesthetic that caused her neurological injury. Gropp does not indicate what evidence she obtained in April 2023 but cites her complaint, where she alleged that Stevens negligently administered harmful levels of the anesthetic causing cognitive problems. But Gropp alleged below that her neurological problems began in 2016 and

that she learned in 2021 that the anesthetic could cause neurological damage. Thus, she had the facts necessary to bring her claim for neurological injury by 2021, and any further discovery in 2023 would not have extended the expiration of the statute of limitations.

Furthermore, Gropp argues that Stevens' concealment or fraud should also have tolled the statute of limitations. But the tolling provision for fraud and concealment is "aimed at conduct or omissions intended to prevent the discovery of negligence or of the cause of action." *Gunnier v. Yakima Heart Ctr., Inc.*, 134 Wn.2d 854, 867, 953 P.2d 1162 (1998); *see* RCW 4.16.350(3). Gropp has not alleged any facts that would constitute fraud or concealment aimed at concealing the facts that constitute her claim of malpractice, so there is no genuine issue of material fact as to this basis for tolling. And even if she had alleged fraud or concealment within the meaning of the statute, she admitted that she still had sufficient facts to be aware of both the factual and legal basis for her claim by June 2020 when she threatened to sue Stevens, and she failed to bring her lawsuit within one year of even that date. Therefore, there is no genuine dispute of material fact as to whether Gropp's claim was timely filed. *See B.R.*, 186 Wn. App. at 298.

Finally, Gropp argues for the first time in this appeal that she was deprived of her constitutional right to a jury trial on disputed material facts. We generally do not consider unpreserved errors raised for the first time on appeal. RAP 2.5(a). Even if we were to consider this issue, the Washington Supreme Court has explained that "[w]hen there is no genuine issue of material fact, . . . summary judgment proceedings do not infringe upon a litigant's constitutional right to a jury trial." *LaMon v. Butler*, 112 Wn.2d 193, 199 n.5, 770 P.2d 1027 (1989). This claim also fails.

We affirm the trial court because the undisputed facts show that Gropp filed her complaint after the statute of limitations expired. We need not consider Gropp's additional arguments related to whether there was genuine dispute of material fact regarding the underlying injury or causation.

ATTORNEY FEES

Stevens requests attorney fees under RAP 18.9(a), arguing that Gropp's appeal is frivolous. Under RAP 18.9(a), we have discretion to award sanctions, terms, or compensatory damages when a party files a frivolous appeal. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." *Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). We resolve doubts about frivolousness in the appellant's favor. *Id.*

The alleged malpractice occurred almost ten years ago, and Gropp has never presented evidence, or even alleged facts that could plausibly have extended the statute of limitations until the time of filing. She has also cited nonexistent cases in her briefing. *See* Br. of Appellant at 27 (citing *Hoggatt v. City of Seattle*, 137 Wn.2d 939, 977 P.2d 621 (1999)); Br. of Appellant at 25, 38-39, 42 (citing *Guerra v. Johnson*, 179 Wn.2d 722, 317 P.3d 239 (2014)).

But Gropp's delayed filing seems to have been a product of misunderstanding rather than malice. For instance, in her notice of appeal, she discusses her desire to complete an investigation and obtain all the relevant facts before filing her complaint—understandable for a self-represented litigant unfamiliar with the discovery process. She also seems to have misunderstood the law regarding tolling, thinking that discovering more evidence would restart the clock on the statute of limitations.

No. 58983-4-II

Though she does not prevail, we resolve doubts about the frivolousness of this appeal in Gropp's favor. *Advocs. for Responsible Dev.*, 170 Wn.2d at 580. And the rule gives us discretion as to whether to impose attorney fees even where arguments are frivolous. RAP 18.9(a). We decline to award attorney fees to Stevens.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

MAXA, J.

VELJACIC, A.C.J.

8